**AFFILIATED FM INSURANCE COMPANY, Plaintiff-Appellant, Cross-Appellee,**

v.

**The TRANE COMPANY, Defendant-Appellee, Cross-Appellant.**

**Nos. 86–2108, 86–2181 and 86–2759.**

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1987.

Decided Sept. 9, 1987.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

BAUER, Chief Judge.

The issue presented for review is whether we should expand Wisconsin products liability law to permit plaintiff, Affiliated FM Insurance Company ("Affiliated"), to claim damages from the defendants, The Trane Company, ("Trane"), by allowing Affiliated to sue Trane directly under the strict liability theory in tort. The district court granted Trane's motion for summary judgment on plaintiff's claims of strict liability and breach of warranty on the basis that Trane was neither the manufacturer

---

nor the seller of the product in question and that no privity existed between the plaintiff and the defendant. The court refused to extend Wisconsin products liability law to allow Trane, a non-manufacturer product designer to be sued directly. Wisconsin law holds manufacturers and sellers strictly liable, but not designers. The court concluded that such policy decisions are the type of questions that the legislature is in a better position to determine. We affirm.

## I.

The case is about a fire allegedly caused by a gas-fired unit heater manufactured and sold by The Trane Company of Canada, Limited ("Trane-Canada"), which, until it was acquired by American Standard, was a subsidiary of Trane.

The specific product in this case is a Model GPH200M gas-fired unit heater. It was produced and sold by Trane-Canada between 1965 and 1967. The heater was built on a design developed by Trane, modified by Trane-Canada to meet special high altitude requirements.

The building in question was built in 1966 as a vegetable warehouse. Several owners used the warehouse for this purpose until 1976 when Hostess Food Products, Limited, ("Hostess") leased a portion for production of potato chips and snack foods. In 1979, Hostess purchased the building and made some modifications to accommodate its method of manufacturing snack foods. Two of the Trane heaters were installed in the shipping area of the building when it was built in 1966. Later, the heaters were repaired both by Hostess employees and by outside firms.

The fire occurred on December 14, 1982. The Alberta Provincial Fire Inspector reported that many unresolved possible causes of the fire existed. Plaintiff brought suit two years after the fire, contending that as a result of fatigue to the gas-line manifold connection the Trane heater failed. This allegedly was caused by vibration and stress from the weight of gas piping which resulted from the failure to properly design the heater to include a support bracket or brace.

The trial was scheduled to begin on June 2, 1986. On May 29, 1986, the district court heard oral argument on plaintiff's motion for a determination that the law of Wisconsin applied to the liability issues. Trane argued that the law of Alberta, Canada applied. The significance of the application of Wisconsin or Alberta law was that Wisconsin recognizes the doctrine of strict liability in tort while Alberta does not. Both parties argued that the choice of law issue was outcome determinative. The district court, however, determined that no outcome determinative conflict of law between Wisconsin and Alberta existed because in its view Wisconsin would not recognize the plaintiff's strict liability claims. The court having determined that strict liability was not available, and plaintiff having acknowledged that the thrust of its case rested upon the theory of strict liability, plaintiff moved for an order permitting an immediate appeal pursuant to Title 28 U.S.C. § 1292(b). The court denied that application. Plaintiff, faced with the prospect of trying a lengthy case on the issue of negligence alone, voluntarily dismissed its negligence claims with prejudice. Defendant moved for summary judgment on the strict liability claims and the district court granted its motion with prejudice and costs. Plaintiff now appeals. Defendant appeals the denial of its motion for dismissal based upon *forum non conveniens*.

## II.

Affiliated argues that we should anticipate how the Wisconsin court would rule on the question of law presented here: whether Trane, a non-manufacturer product designer, can be held strictly liable for a product manufactured and sold by its independent foreign subsidiary. It relies on our decision in *Bowen v. United States*, 570 F.2d 1311 (7th Cir.1978), in which we stated that "[i]n the absence of controlling Indiana decision, we are to decide the question as we believe the Indiana courts would decide it." 570 F.2d at 1320. Affiliated also relies on our decision in *Huff v. White*

*Motor Corp.,* 565 F.2d 104 (7th Cir.1977), in which we resolved a question of law not previously addressed by the Indiana Supreme Court, observing that we "must decide what rule the Indiana Supreme Court would adopt." With these cases in mind, the plaintiff urges us to consider what law the Wisconsin Supreme Court would adopt. Under the principles of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court must apply the state law as declared by the highest state court or otherwise by the intermediate appellate court of the state. It has limited discretion to adopt untested legal theories brought under the rubric of state law. *A.W. Huss Co. v. Continental Casualty Co.,* 735 F.2d 246, 253 (7th Cir. 1984); *Hartzler v. Chesapeake & Ohio Railway Co.,* 433 F.2d 104, 107 (7th Cir. 1970). Notwithstanding our limited discretion, plaintiff urges us to extend the scope of products liability law in Wisconsin beyond what the legislature and the Supreme Court of Wisconsin have adopted. We find no compelling reason to do this. Plaintiff is not without a remedy. Affiliated may still sue Trane-Canada. In *Leannais v. Cincinnati, Inc.,* 565 F.2d 437, 441 (7th Cir.1977) we refused to adopt, for the State of Wisconsin, California's "products line" doctrine as a means for holding a successor corporation strictly liable for its predecessor's defective products. There, we said that "[a]bsent compelling necessity, therefore, a Federal Court should not impose the policy pronouncements of the Supreme Court of one state upon the citizens of another. Nor are we at liberty to impose our own view as to what the law of Wisconsin should be. As the Wisconsin Supreme Court has recognized, such broad public policy issues are best handled by legislatures with their comprehensive machinery for public input and debate."

Moreover, the Wisconsin Supreme Court has been reluctant to expand strict liability law. In *Fish v. Amsted Industries, Inc.,* 126 Wis.2d 293, 310, 376 N.W.2d 820 (1985), the court said: "We conclude that the legislature is in a better position to make broad public policy decisions in actions based on products liability law.... The questions concerning the effect on the manufacturing business, the potential size and economic strength of successor corporations, the availability of commercial insurance and the cost of such insurance are all questions we cannot answer. These are the type of questions that the legislature is in a better position to ascertain. If such a basic change in corporation law is to be made it would seem reasonable for the change to come about through legislation rather than court decision." With the principles of *Erie* in mind, plus the clear pronouncement from the Wisconsin Supreme Court to defer to the legislature, we decline to expand strict liability law to hold Trane strictly liable.

Next, the plaintiff argues that Trane should be held strictly liable under Restatement (Second) of Torts § 400, because it was the "apparent manufacturer" of the heater. Under § 400, "One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." We reject this argument for two reasons. First, Wisconsin has not adopted the "apparent manufacturer" doctrine. Second, even if the Court were to adopt this theory, it would not apply to the facts of this case. The plaintiff relies on *Wojciok v. United States Rubber Co.,* 13 Wis.2d 173, 108 N.W.2d 149 (1961), as authority for the proposition that Wisconsin would adopt § 400. In *Wojciok,* the Wisconsin Supreme Court determined that Phillips Petroleum Company could be held strictly liable for plaintiff's blow-out and subsequent automobile accident because the court found that Phillips was in the chain of distribution. Although U.S. Rubber Co. had actually manufactured the tire, Phillips had physical control over the tire's manufacture, distribution and sale. The fact that the court determined that Indiana would follow § 400 does not mean it would adopt that rule as the law of Wisconsin.

Plaintiff would have us believe that if Wisconsin were to adopt § 400, Trane could be held strictly liable. This argument ignores the fact that Trane-Canada "put out" the heater, not Trane. In cases applying

the "apparent authority" doctrine, courts have not imposed liability unless the defendant represented to the public that the product it was "putting out" was its own. *See, Nelson v. International Paint Co.,* 734 F.2d 1084 (5th Cir.1984) (the Texas court refused to impose liability under § 400 on the defendant's wholly-owned subsidiary because, although the toxic paint was manufactured by International Paint Co., it was marketed under a different name, ("Calco")); *Hebel v. Sherman Equipment,* 92 Ill.2d 368, 65 Ill.Dec. 888, 442 N.E.2d 199 (1982) (the court refused to impose liability on the apparent manufacturer of car-washing equipment because the unlabled piece of equipment did not identify the defendant in the mind of the reasonable purchaser.) Here, Trane was not involved in the manufacture, sale or installation of the heater. Accordingly, we reject plaintiff's argument that Wisconsin would adopt § 400 in this case.

### III.

Because we affirm the district court's grant of summary judgment for Trane, we will not address the choice of law question or the *forum non conveniens* question.

### IV.

The district court awarded costs pursuant to Federal Rule of Civil Procedure 54(d) in the amount of $29,737.87, on the order for summary judgment on the strict liability count. We find no abuse of discretion in the district court's award. The district court reviewed and verified all the fees. Legitimate costs were incurred in preparation for trial. The fact that a trial was not held does not exclude taxation for these costs.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.