COHEN FURNITURE COMPANY, Plaintiff-Appellant, v. BRYAN SUMP-TER, Defendant (Farmer's Market, Appellee).

Fourth District   No. 4—89—0940

Opinion filed May 17, 1990.

Jacqueline M. Gerber, of Brown, Hay & Stephens, of Springfield, for appellant.

Daniel E. Kepner, of Kepner & Kepner, of Springfield, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Cohen Furniture Company appeals from an order of the Sangamon County circuit court vacating a default judgment and quashing a citation to discover assets entered against Farmers Market as the alleged employer of defendant Bryan Sumpter. We affirm.

On January 17, 1989, plaintiff filed a small claims complaint

against defendant to recover outstanding payments on a charge account. A default judgment in the sum of $1,301.03 plus costs was entered against defendant on January 27, 1989.

On March 21, 1989, plaintiff proceeded with an affidavit for a wage-deduction order directed against Farmers Market as the alleged employer of defendant. A wage-deduction summons issued and was served upon assistant manager Tim Tyson at that business on March 23, 1989. The proof of service showed service as being made on a corporate defendant by leaving a copy of the complaint and summons with an agent of the corporation.

On July 7, 1989, plaintiff filed a motion for conditional judgment based on the failure of Farmers Market to answer its interrogatories under the wage-deduction order. A summons to confirm the conditional judgment was issued and served upon assistant manager Dan Phillips at that business on July 11, 1989. The proof of service once again noted service on a corporate defendant. A final judgment in the sum of $2,095.93 was entered against Farmers Market on August 11, 1989.

On August 21, 1989, a citation to discover assets was issued against Paul E. Edwards, d/b/a Farmers Market. The citation was served upon assistant manager Tim Tyson at that business on August 22, 1989. Proof of service again noted service on a corporate defendant.

On September 1, 1989, Edwards responded with a petition to vacate the judgment and to quash the citation to discover assets. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) In the petition, supported by affidavit, Edwards alleged the circuit court lacked jurisdiction because he had not been properly served in his capacity as the sole proprietor of Farmers Market. The circuit court allowed the petition following a hearing on November 3, 1989. The trial court found Paul Edwards had not been properly served with the wage deduction or the summons to confirm the conditional judgment.

On appeal, plaintiff contends the circuit court erred in allowing the petition. Plaintiff argues Edwards was provided with adequate notice of the action, despite any misnomer in summons, through corporate service upon his management agents at Farmers Market. (See *A-Z Equipment Co. v. Moody* (1980), 88 Ill. App. 3d 187, 410 N.E.2d 438.) We disagree.

■ A court obtains jurisdiction over a person only after proper service of summons. (*LaMotte v. Constantine* (1980), 92 Ill. App. 3d 216, 217, 416 N.E.2d 23, 25.) In the case of an individual person, as here, summons may be issued through either personal or abode ser-

vice. (Ill. Rev. Stat. 1987, ch. 110, par. 2—203(a).) A judgment rendered without such service is void irrespective of whether that person had actual knowledge of the court proceedings. (*Kappel v. Errera* (1987), 164 Ill. App. 3d 673, 677, 518 N.E.2d 226, 229.) The service here was not upon Edwards personally nor was it abode service.

■■ These general jurisdiction rules are expressly excepted in the case of misnomer. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—401(b).) A judgment is valid where circumstances indicate the individual actually served notice is the person intended to be sued, even though the issued process does not refer to him by his correct name. *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 566, 309 N.E.2d 690, 695.

■ This is not a case of misnomer. (See *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489; *Hoving v. Davies* (1987), 159 Ill. App. 3d 106, 512 N.E.2d 729.) The record discloses plaintiff was mistaken in its subjective belief as to who owned and operated Farmers Market. Plaintiff served the wage-deduction summons and notice of its judgment on the wage-deduction order against Farmers Market as a corporate entity. The real party in interest was not Farmers Market, but Edwards, who operated the business as a sole proprietorship. Summons was not directed against Edwards in that capacity. Plaintiff did not merely misname the right party, but named the wrong party, thereby depriving the court of jurisdiction.

The court did not err in allowing the petition to vacate the default judgment and to quash the citation to discover assets entered against Farmers Market. Accordingly, we need not address the alternate contentions of plaintiff in our disposition of this matter.

The order of the Sangamon County circuit court is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.