HERBERT LEE SCHRYVER *et al.*, as Co-Guardians of the Estate of Aaron Schryver, Plaintiffs-Appellants, v. RONALD ERIKSEN, Defendant-Appellee (Rush-Presbyterian-St. Luke's Hospital *et al.*, Defendants).

First District (4th Division)   No. 1—92—3647

Opinion filed September 30, 1993.

Guth & Coughlin, Ltd., of Chicago, for appellants.

Cassiday, Schade & Gloor, of Chicago (John D. Cassiday, Timothy J. Ashe, Anne R. Rempe, and Morgan A. Milne, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Herbert Lee Schryver and Geraldine Schryver, co-guardians of the estate of Aaron Schryver, a disabled person, appeal from an order of the circuit court of Cook County dismissing their amended complaint against the defendant, Ronald G. Eriksen, M.D. For the reasons which follow, we reverse the trial court and remand this action for further proceedings.

On July 17, 1990, the plaintiffs filed a six-count complaint in the circuit court of Cook County grounded in allegations of medical negli-

gence against four defendants. In count IV of their complaint, the plaintiffs sought recovery against "P. Erickson, M.D." On the day they filed their complaint, the plaintiffs caused a summons to issue. The caption of the summons listed the names of the defendants including "P. Erickson, M.D." On the face of the summons was typed an instruction: "See back side for service." On the reverse side appeared: "Sheriff please serve: *** R. Erickson, M.D. (Ronald)[,] 381 S. Schmale Road[,] Carol Stream, Il. 60188." The plaintiffs' original complaint and summons were transmitted to the Du Page County sheriff for service with a cover letter which requested service upon "Ronald Erickson, M.D." The plaintiffs' original summons was not served, and although the plaintiffs claim to have caused the issuance of an alias summons on August 27, 1990, no such summons appears in the record on appeal.

In any case, on February 21, 1991, the plaintiffs sought and obtained leave of court to file their amended complaint seeking recovery against "Ronald G. Eriksen, M.D." in count IV and to issue an alias summons for service upon "Ronald G. Eriksen, M.D." On March 14, 1991, the plaintiffs issued the alias summons requesting service upon "Ronald G. Eriksen, M.D." at "381 S. Schmale Road, Carol Stream, Il. 60188." The defendant was personally served with a copy of the plaintiffs' amended complaint and alias summons on March 22, 1991, at the address listed in the summons.

The defendant brought a motion to involuntarily dismiss the plaintiffs' action against him as time barred under section 13—212 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 13—212.) The defendant contended that the applicable statute of limitations ran against him on July 20, 1990; and, because he was first joined as a defendant with the filing of the plaintiffs' amended complaint on February 21, 1991, the action was time barred.

The trial court granted the defendant's motion to dismiss and denied the plaintiffs' motion to reconsider. This appeal followed.

In urging reversal of the trial court's dismissal of the defendant, the plaintiffs contend that this case involves a misnomer. They argue that they intended to sue "Ronald Eriksen, M.D.," but due to a typographical error in their original complaint he was inaccurately listed as "P. Erickson, M.D." The plaintiffs conclude that their amended complaint should not have been dismissed because their original complaint was filed three days prior to the expiration of the applicable statute of limitations.

■ Section 2—401(b) of the Code of Civil Procedure provides as follows:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." Ill. Rev. Stat. 1991, ch. 110, par. 2—401(b).

As was noted in *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 137, 527 N.E.2d 414, 417, "[t]he term 'misnomer' in law is not a euphemism for the word 'mistake.'" In dealing with the issue of misnomer, the focus of the court's inquiry is upon the intent of the plaintiff. Simply put, the question is whether the plaintiff sued the real party in interest by the wrong name or sued the wrong party. If the former is the case, then the circumstance is one of misnomer; if it is the latter, then there is no misnomer and section 2—401(b) is inapplicable. The determination is not controlled by the plaintiff's subjective intent, but rather by the objective manifestations of that intent as contained within the record. *Perry v. Public Building Comm'n* (1992), 232 Ill. App. 3d 402, 597 N.E.2d 723; *Barbour v. Fred Berglund & Sons, Inc.* (1990), 208 Ill. App. 3d 644, 567 N.E.2d 509; *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355.

In the case at bar, the plaintiffs filed suit to recover damages for injury to their ward alleged to have been sustained as a consequence of negligent medical treatment. The defendant, Ronald Eriksen, M.D., does not deny that he treated Aaron Schryver; he admits that he was Aaron's pediatrician for 18 years. Although the plaintiffs listed the defendant in their original complaint and the caption of their original summons as "P. Erickson, M.D.," the instruction for service appearing on the reverse side of the original summons listed the defendant as "R. Erickson, M.D. (Ronald)" and sought service at the same address where the defendant was ultimately served. Additionally, the transmittal letter which forwarded the plaintiffs' original complaint and summons to the Du Page County sheriff requested service on "Ronald Erickson, M.D."

The facts of this case are distinguishable from the cases relied upon by the defendant. This is not a case where the party named in the original complaint actually existed (see *Thompson v. Ware* (1991), 210 Ill. App. 3d 16, 568 N.E.2d 500; *Clinton,* 105 Ill. App. 3d 336, 434 N.E.2d 355; *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319); it is not a case where the plaintiff sued the wrong entity (see *Cohen Furniture Co. v. Sumpter* (1990), 197 Ill. App. 3d 751, 555 N.E.2d 60); nor is it a case where the original summons was sent to an address other than the intended defendant's address (see *Barbour,* 208 Ill. App. 3d 644, 567 N.E.2d 509).

When the record in this case is examined objectively, the conclusions drawn are that the plaintiffs at all times intended to sue "Ronald G. Eriksen, M.D.," the real party in interest; they originally sued him under a wrong name, "P. Erickson, M.D."; they directed that summons be served upon "R. Erickson, M.D. (Ronald)," again misspelling the defendant's last name; and instructed the sheriff to serve the defendant at his actual address. This is a case of misnomer.

■ Contrary to the defendant's assertions, in cases of true misnomer there is no requirement that service of summons be effectuated upon the defendant within the applicable statute of limitations. There is no provision in section 2—401(b) requiring that a misnamed defendant be served within the limitations period. (*Ellis v. Borisek* (1991), 220 Ill. App. 3d 48, 580 N.E.2d 899; *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574; *Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037.) And, to the extent that *Yedor* (173 Ill. App. 3d at 137-38, 527 N.E.2d at 417-18) can be read to hold to the contrary, we decline to follow it. It is only in cases of mistaken identity that service upon the proper defendant is required prior to the expiration of the statute of limitations. *Barbour*, 208 Ill. App. 3d at 648, 567 N.E.2d at 512; *Thielke*, 129 Ill. App. 3d at 951, 473 N.E.2d at 576.

When, as in this case, a plaintiff's timely filed original complaint merely misnames the real party in interest and the provisions of section 2—401(b) are applicable to the misnomer, the expiration of the statute of limitations prior to an amendment of the complaint and service of process upon the defendant will not bar the plaintiff's right of action. Consequently, we reverse the orders of the trial court dismissing the plaintiffs' action against the defendant and denying their motion to reconsider, and remand this case to the circuit court of Cook County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CAHILL, P.J., and JOHNSON, J., concur.