MICHAEL J. OSTY, Plaintiff-Appellant, v. M.R.V.S., INC.,
Defendant-Appellee.

First District (3rd Division)   No. 1—94—3998

Opinion filed May 22, 1996.—Rehearing denied August 23, 1996.

Hope F. Keefe, of Chicago, for appellant.

Sherwin Greenberg, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Michael J. Osty, appeals from an order of the circuit court of Cook County dismissing, pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)), his case under the Dramshop Act (Ill. Rev. Stat. 1991, ch. 43, par. 135 (now 235 ILCS 5/6—21 (West 1994)) against defendant, M.R.V.S., Inc. ·Jurisdiction is vested in this court under section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

On February 7, 1992, plaintiff filed his complaint in this cause in the circuit court, naming Fred Venrick, d/b/a the Rockery, and Adam Salamon as defendants. The complaint alleged that on February 9, 1991, while plaintiff was a patron of the Rockery, a licensed bar, he was assaulted by Salamon, who was intoxicated as a result of being served an excessive number of alcoholic beverages by the bar. Consequently, plaintiff was severely injured.

On February 11, 1992, Cook County deputy sheriff George Lietzow served Kathy Frank, named as agent of the Rockery, designated on the sheriff's return notice as a corporation. On March 3, 1992, Venrick, who had entered a limited appearance, filed a motion to quash the service alleging that such service was improper in that the suit was brought against an individual allegedly doing business as the Rockery and not a corporation as indicated by the sheriff's return notice. On March 11, 1992, the circuit granted the motion to quash and granted an *instanter* motion of plaintiff to issue an alias summons to Venrick. On May 19, 1992, special process server Walter McWilliams served Venrick by alias summons.

On June 16, 1992, Venrick filed a motion to dismiss for failure to

state a cause of action, which was granted. The record is unclear as to whether this motion was granted or whether plaintiff voluntarily sought leave to file an amended complaint. In any event, on July 1, 1992, plaintiff filed his first amended complaint in which he named, *inter alia*, "Fred Venrick, d/b/a The Rockery" as a defendant. The first amended complaint purported to bring an action under the Dramshop Act.

After discovery was completed, the case was submitted by the trial court to arbitration. An arbitration hearing was held during which Venrick argued that he was not a proper party to the litigation. The arbitrators found for Venrick on this point and the award was subsequently rejected by plaintiff.

On October 20, 1993, the trial court granted plaintiff's motion for substitution of parties and for leave to file a second amended complaint *instanter*. After a series of other motions not relevant to the disposition of this appeal, on December 22, 1993, Venrick was granted leave to respond to plaintiff's motion for substitution of parties. On January 5, 1994, Venrick filed his response to plaintiff's motion for substitution of parties. After the production of some documents and a continuance, on March 18, 1994, the circuit court granted plaintiff's motion for substitution of parties, naming M.R.V.S., Inc., as a defendant.

On April 13, 1994, M.R.V.S., Inc., filed a motion to dismiss plaintiff's second amended complaint, asserting that the statute of limitations had lapsed at the time of the original service of process. The motion argued that M.R.V.S., Inc.'s agent and corporate secretary, Venrick, was served on February 11, 1992, "two days after the period within which the action could have been brought." This motion was granted by the circuit court on July 15, 1994. A subsequent motion for rehearing filed by plaintiff was denied. The instant appealed followed.

### ISSUES PRESENTED FOR REVIEW

On appeal plaintiff argues that: (1) defendant should be estopped from asserting the statute of limitations as a defense; and (2) section 2—616 of the Code of Civil Procedure should be construed so as to allow the adding of M.R.V.S., Inc., as a defendant.

### OPINION

We note from the outset that both parties to this litigation are laboring under the mistaken belief that the last day on which suit could have been filed in this case under the one-year statute of limitation contained in the Dramshop Act (see Ill. Rev. Stat. 1991, ch. 43, par. 135) was February 9, 1992. This is not so.

■ Section 1.11 of "An Act to revise the law in relation to the construction of statutes" provides:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." Ill. Rev. Stat. 1991, ch. 1, par. 1012.

The attack on plaintiff by Salamon occurred on February 9, 1991. Computing one year starting on February 10, 1991, the day after the assault, takes us to Sunday February 9, 1992. Since holidays, Saturdays and Sundays are not included in the computation (Ill. Rev. Stat. 1991, ch. 1, par. 1012), the last possible date for filing the case was Monday, February 10, 1992.

That said, we begin our review of this case by noting that "[a] section 2—619 motion is designed to provide a summary disposition of issues of law or easily proved issues of fact. [Citation.] Such a motion admits all well-pleaded facts alleged in the complaint and reasonable inferences to be drawn on those facts." *Chicago Title & Trust Co. v. Weiss*, 238 Ill. App. 3d 921, 924 (1992). Our review of a trial court's disposition of such a motion is *de novo*.

Plaintiff first argues that the doctrine of equitable estoppel prevents M.R.V.S., Inc., from using the statute of limitations as a defense. In essence plaintiff asserts that M.R.V.S., Inc., has employed subterfuge to conceal its real identity from plaintiff. We disagree.

■ The doctrine of equitable estoppel, or estoppel *in pais*, is a doctrine by which an individual may be precluded by his act or conduct from asserting a right which he otherwise might have. *Greer v. Canter Oil Co.*, 373 Ill. 168, 176-77 (1940). The estoppel doctrine will generally be applicable where a party's statements or conduct induces another to do something that he would otherwise not have done but for the statements or conduct of the other, and where the one guilty of such statements or conduct should not be allowed to deny his utterances or acts to the detriment of the innocent party. *Lindahl v. City of Des Plaines*, 210 Ill. App. 3d 281, 295 (1991). The purpose of the doctrine is the prevention of fraud or injustice. *Du Mond v. City of Mattoon*, 60 Ill. App. 2d 83, 89 (1965).

■ In the case *sub judice*, we fail to perceive what exactly it was that M.R.V.S., Inc., did to hide its existence from or misrepresent itself to plaintiff. There is no evidence in the record showing any conduct by M.R.V.S., Inc., upon which plaintiff could have reasonably

relied to his detriment. The fact that plaintiff's counsel had difficulty establishing who was the proper defendant is in no way M.R.V.S., Inc.'s fault. Nor is the allegation that an insurance adjustor somehow misled plaintiff of relevance. Accordingly, we find the doctrine of equitable estoppel inappropriate here. Thus, there was no error by the trial court on this point.

■ Still to be considered is plaintiff's contention that section 2—616 of the Code of Civil Procedure allows for the addition of M.R.V.S., Inc., as a defendant because Venrick was served. We cannot agree.

Section 2—616(d) of the Code of Civil Procedure provides as follows:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if *all* the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action commenced; (2) failure to join the person was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been preformed, and even though the person was not named originally as a defendant. For the purposes of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d).

It is established law that in order for the addition of a defendant to relate back prior to the passage of a limitations period all of the requirements of section 2—616(d) (Ill. Rev. Stat. 1991, ch. 110, par.

2—616(d)) must be met. If one of the requirements is not met, section 2—616(d) is inapplicable. *Webb v. Ambulance Service Corp.*, 262 Ill. App. 3d 1039 (1994). One of the requirements is that the person within the applicable time period knew that the original action was pending and that it grew out of a transaction or occurrence concerning him. Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d)(4). It has been held that this knowledge comes by way of service of summons upon an agent of the correct defendant within the period within which the original action could have been brought. See *Hoving v. Davies*, 159 Ill. App. 3d 106 (1987); *Leonard v. City of Streator*, 113 Ill. App. 3d 404 (1983). In the case at bar, plaintiff's cause of action accrued on February 9, 1991. Plaintiff's lawsuit was filed on February 7, 1992. Service of summons was not had on anyone related to M.R.V.S., Inc., until February 11 or 12, 1992, which was after February 10, 1992, the last day on which the suit could have been brought. Accordingly, section 2—616(d) is inapplicable. See *Hoving*, 159 Ill. App. 3d 106; *Leonard*, 113 Ill. App. 3d 404.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and CERDA, J., concur.