**Nancy ARENDT, Independent Administrator of the Estate of Michael Arendt, deceased, Plaintiff–Appellant,**

v.

**VETTA SPORTS, INC., Defendant–Appellee.**

No. 96–1270.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1996.

Decided Oct. 28, 1996.

---

232

Charles A. Janda (argued), Chicago, IL, for Plaintiff–Appellant.

Michael A. Reiter (argued), Julie L. Schulz, Chicago, IL, for Defendant–Appellee.

Before BAUER, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Two days before the expiration of the statute of limitations, Nancy Arendt filed suit against Vetta, S.r.L. ("SRL"), an Italian cor-

poration, asserting claims of negligence and strict products liability arising from the death of her husband, whom she alleged died while wearing a bicycle helmet designed and manufactured by SRL. Unfortunately for Arendt, SRL has never designed or manufactured bicycle helmets. Consequently, one year after the statute of limitations period for her wrongful death claims expired, Arendt sought to amend her complaint to substitute Vetta Sports, Inc. ("Vetta Sports") as defendant. Vetta Sports moved for summary judgment on the ground that the statute of limitations barred Arendt's claims. The district court, sitting in diversity, held that the Illinois "misnomer statute," 735 ILCS 5/2-401(b) (West 1992), was inapplicable as Arendt sought to add a new defendant rather than merely to correct the name of a party. The district court also held that Arendt's amended complaint did not relate back to the date of the filing of her original complaint under either Illinois law, 735 ILCS 5/2-616(d) (West 1992), or under Federal Rule of Civil Procedure 15(c).[1] We agree and therefore affirm the district court's grant of summary judgment for Vetta Sports.

I.

On July 15, 1994, Arendt filed her complaint against SRL in Illinois state court alleging that her husband Michael Arendt was wearing a bicycle helmet "designed, manufactured, advertised, distributed and/or sold" by SRL when he sustained head injuries in the July 17, 1992 bicycle accident that caused his death. At the time of the accident, Michael Arendt was wearing a bicycle helmet bearing the name "Vetta." Arendt addressed her original summons to SRL at its corporate office in Italy.

Arendt was unsuccessful in her attempts to serve SRL in Italy, however, and subsequently sought to have an alias summons issued in the name of "Vetta, SRL aka Vetta Sports." This summons was mistakenly served on Vetta Sports' registered agent in

California on November 23, 1994, 130 days after Arendt filed her complaint against SRL. The record is silent as to what prompted Arendt to issue the alias summons in the name of "Vetta, SRL aka Vetta Sports" and to serve Vetta Sports' California agent. SRL filed a motion to quash the summons for insufficient service of process on February 9, 1995, asserting that Vetta Sports was not SRL's agent for service of process.

Arendt then initiated discovery to determine the relationship between SRL and Vetta Sports. She learned that SRL had never designed or manufactured bicycle helmets, nor had it ever distributed or sold bicycle helmets in the United States. As for its relationship with the similarly named Vetta Sports, SRL revealed that it became an indirect subsidiary of Vetta Sports in October of 1993 when Vetta Sports purchased all of the shares of SRL. The two companies also share some common officers and directors. Arendt consequently sought leave to amend her complaint to name Vetta Sports as defendant. On July 17, 1995, one year after the statute of limitations expired on her wrongful death claim, Arendt filed her First Amended Complaint naming Vetta Sports as the defendant. The First Amended Complaint also added a count for breach of the implied warranty of fitness for a particular purpose.

Vetta Sports then removed the action to federal court and moved for summary judgment. The district court granted Vetta Sports' motion on the ground that the statute of limitations barred Arendt's claims. Arendt appeals and argues (1) that the district court erred in finding that Arendt's naming of SRL rather than Vetta Sports was not a "misnomer" so as to permit correction of the defendant's name under 2-401(b) of the Illinois Code of Civil Procedure; (2) that the district court erred in finding that Arendt's amended complaint did not relate back to the date of the filing of her original complaint

---

1. The district court declined to decide whether federal or state law governed the issue of whether Arendt's amended complaint related back to the date of her original complaint. The district court determined that the outcome of the case was the same regardless of whether the court applied federal or state law and therefore felt it unnecessary to choose between the two. *See Arendt v. Vetta Sports, Inc.,* No. 95 C 5139, 1996 WL 5324, at *2 (N.D.Ill. Jan. 4, 1996). *See infra* note 3.

under Illinois law; and (3) that the district court erred in dismissing her claim for breach of implied warranty. We address each of her arguments in turn.

## II.

Arendt first argues that the naming of SRL instead of Vetta Sports was a case of "misnomer." In Illinois, "[m]isnomer of a party is not a ground for dismissal but the name of the party may be corrected at any time. . . ." 735 ILCS 5/2–401(b) (West 1992). However, this rule is a "narrow one" and Illinois courts have "consistently distinguished the misnomer rule from rules applicable to a mistake in identity." *Barbour v. Fred Berglund & Sons, Inc.*, 208 Ill.App.3d 644, 153 Ill.Dec. 551, 553–54, 567 N.E.2d 509, 511–12 (1990). The distinction is critical in this case.

"A misnomer occurs where the plaintiff brings an action and serves summons upon the party *intended* to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. Mistaken identity, on the other hand, occurs when the wrong person is named and served." *Shaifer v. Folino*, 272 Ill.App.3d 709, 208 Ill.Dec. 900, 903, 650 N.E.2d 594, 597 (1995) (citations omitted) (emphasis added); *Barbour*, 153 Ill. Dec. at 553, 567 N.E.2d at 511. In other words, the misnomer provision applies only when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued. *Schryver v. Eriksen*, 255 Ill.App.3d 418, 194 Ill.Dec. 175, 176, 627 N.E.2d 291, 292 (1993); *Vaughn v. Speaker*, 126 Ill.2d 150, 127 Ill.Dec. 803, 806, 533 N.E.2d 885, 888 (1988), *cert. denied*, 492 U.S. 907, 109 S.Ct. 3218, 106 L.Ed.2d 568 (1989).

In distinguishing cases involving mere misnomer from those involving mistaken identity, Illinois courts have consistently held that whom the plaintiff intended to sue is the pivotal inquiry. *Greil v. Travelodge Int'l, Inc.*, 186 Ill.App.3d 1061, 133 Ill.Dec.

850, 852, 541 N.E.2d 1288, 1290 (1989); *Vaughn*, 127 Ill.Dec. at 806, 533 N.E.2d at 888; *Thielke v. Osman Construction Corp.*, 129 Ill.App.3d 948, 85 Ill.Dec. 206, 208, 473 N.E.2d 574, 576 (1985). This "determination is not controlled by the plaintiff's subjective intent, but rather by the objective manifestations of that intent as contained within the record." *Schryver*, 194 Ill.Dec. at 176, 627 N.E.2d at 292; *Clinton v. Avello*, 105 Ill. App.3d 336, 61 Ill.Dec. 202, 203, 434 N.E.2d 355, 356 (1982). Illinois courts have found that "the most probative evidence of whom a plaintiff intended to sue is the party named by the plaintiff in the complaint. If such party in fact exists, but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party." *Clinton*, 61 Ill.Dec. at 203, 434 N.E.2d at 356.

In the instant case, Arendt named SRL as the defendant in her original complaint. Unlike many of the cases in which the Illinois courts and this court have applied the misnomer statute, the named defendant in this case, SRL, does in fact exist. *See Diaz v. Shallbetter*, 984 F.2d 850, 854 (7th Cir.1993) (stating that changing defendant's name from "John Shullbetter" to "Dennis Shallbetter" "would be problematic if Chicago's police force had both a Shullbetter and a Shallbetter, or if it had a John Shallbetter and a Dennis Shallbetter"); *Schryver*, 194 Ill.Dec. 175, 627 N.E.2d 291 (plaintiff named "P. Eriksen, M.D." as defendant rather than "R. Eriksen, M.D."); *Thielke*, 85 Ill.Dec. at 208–09, 473 N.E.2d at 576–77 (stating that the conclusion that plaintiff who named "Osmond & Associates" rather than "Osman & Associates" was not mistaken as to the identity of the defendant was "enforced by the fact that there is no corporation in existence named Osmond"). *Cf. Greil*, 133 Ill.Dec. 850, 541 N.E.2d 1288 (plaintiff sued defendant under its trade name rather than corporate name). Arendt did not merely misspell Vetta Sports' name or sue it under a common trade name; Arendt named a different corporate entity.[2] Because SRL exists but is

---

2. As the district court recognized, the fact that Vetta Sports now owns all of the stock of SRL does not alter the misnomer analysis, as the two companies are distinct legal entities. The district court stated, "This is not a case . . . where the defendant was a wholly-owned, non-operating

not the real party in interest, it is logical to conclude that Arendt mistakenly sued the wrong party.

Arendt contends that the body of her complaint manifests an objective intent to sue Vetta Sports, not SRL, because she "intended to sue whatever 'Vetta' was engaged in the 'designing, manufacturing, advertising, distributing, and/or selling certain products, including bicycle helmets.'" In rejecting the identical argument in the past, the Appellate Court of Illinois explained, "We do not believe that such general descriptive language in a complaint is sufficient evidence of whom the plaintiff intended to sue. It merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries." *Clinton*, 61 Ill.Dec. at 203, 434 N.E.2d at 356. "While the plaintiff in this case may have intended to sue the party who caused [her] injuries, [she] did not do so." *Barbour*, 153 Ill.Dec. at 556, 567 N.E.2d at 514.

Arendt correctly argues that, while the party named in the complaint is the most probative evidence of whom the plaintiff intended to sue, it is not the only evidence to be considered. In *Shaifer v. Folino*, an Appellate Court of Illinois decision on which Arendt strongly relies, the court held that "other objective manifestations of an intent to sue another in a given case are also relevant in determining whether a misnomer exists." 208 Ill.Dec. at 904–05, 650 N.E.2d at 598–99. The facts of *Shaifer* illustrate the type of "other objective manifestations" that court deemed relevant.

In *Shaifer*, the plaintiff's complaint named Domenico Folino as defendant. Domenico Folino was the father of Dominic Folino, the operator of the automobile involved in the accident at issue and the real party in interest. The court found this to be a case of misnomer, despite the fact that the person named in the complaint actually exists, because the court found that other objective evidence overcame the presumption that the

plaintiff intended to sue the person named in the complaint. The court considered it relevant that, when the lawsuit was initiated, the plaintiff's lawyer sent an attorney lien letter to Dominic at his home. The plaintiff's lawyer subsequently received a letter from the insurance company covering the vehicle involved in the accident which listed the name of the insured as Domenico. Believing this to be a correction in the spelling of Dominic's name, the lawyer drafted the plaintiff's complaint accordingly. Service was received by Dominic's mother at his home, where he lived with his mother and father. The court found that attorney lien letter revealed an objective intent by the plaintiff to sue Dominic Folino and that the plaintiff had merely been inadvertently misled by the insurance company's letter into believing that Domenico was the correct spelling of Dominic's name. The court also found it relevant that service was "effected at Dominic's address of record, notwithstanding that it also happened to be Domenico's address ... and [that] plaintiffs took steps to amend [the complaint] as soon as they became aware of the error." *Shaifer*, 208 Ill.Dec. at 905, 650 N.E.2d at 599.

In sharp contrast to *Shaifer*, Arendt offers no objective evidence that she intended to sue Vetta Sports, the Delaware corporation. Arendt argues that the fact that Vetta Sports was served is an objective manifestation of her intent to sue Vetta Sports, not SRL. However, the record is silent as to why Arendt addressed her original summons to "Vetta SRL, an Italian Corporation" at "Via E. Fermie 2–4, 31010, Casella Gasolo (TV) Italy." The original summons manifests an objective intent to sue Vetta, S.r.L., the Italian corporation, rather than Vetta Sports, Inc., the Delaware corporation. It was not until over four months after Arendt filed her complaint that she requested that an alias summons be issued to "Vetta SRL/aka Vetta Sports." Even then, the alias summons still did not refer to Vetta Sports, Inc. by its corporate name. Although Arendt would

subsidiary of the defendant sought to be added, such that the original complaint could only have been meant for the corporate parent. Rather, SRL is a corporation that actively engaged in business operations prior to its acquisition by Vetta Sports and that continues to engage in

such operations." *Arendt*, 1996 WL 5324, at \*2. *Cf. Vaughn*, 127 Ill.Dec. at 806, 533 N.E.2d at 888 ("[A]n individual and his estate ... are wholly distinct legal entities. Accordingly, substitution of the estate for the decedent was not merely the correction of a misnomer....").

like this court to draw the conclusion that service was made on Vetta Sports because it is the party whom she intended to sue from the outset, it is just as likely that the issuance of the alias summons was a manifestation of Arendt's continued intent to sue SRL, who she believed was doing business under the name Vetta Sports. We agree with Vetta Sports that, "[a]t most, the alias summons demonstrates that as of November 30, 1994, Arendt was either seeking an easier way to serve SRL or beginning to question whether SRL was indeed the right defendant."

Arendt's case is further distinguished from *Shaifer* by the fact that she did not take steps to amend her complaint as soon as she became aware that the party whom she served was not named SRL, but was instead Vetta Sports. SRL's answers to Arendt's interrogatories, dated April 5, 1995, revealed that SRL had never designed or manufactured bicycle helmets and that SRL and Vetta Sports were two distinct corporate entities. Rather than promptly correcting her complaint to reflect the name of the party whom she served and whom she claims to have intended to sue from the outset, Arendt waited until July 17, 1995, over three months after learning of the relationship between the two corporations, to amend her complaint. We do not agree with Arendt that the record reveals an objective intent to sue Vetta Sports rather than SRL and therefore agree with the district court that Illinois' "misnomer" statute does not save Arendt's amended complaint.

### III.

■ Because we agree with the district court that this case is one of mistaken identity rather than misnomer, we turn next to Arendt's argument that her First Amended Complaint relates back to the date of filing of her original complaint for purposes of the statute of limitations. Rule 15(c)(1) of the Federal Rules of Civil Procedure provides that, for statute of limitations purposes, an amendment of a pleading relates back to the date of the original pleading when "relation back is permitted by the law that provides the statute of limitations applicable to the action." [3]

Under Illinois law, which provides the statute of limitations applicable to Arendt's action, an amended pleading that asserts a cause of action against a person not originally named as a defendant is not barred by the statute of limitations if all of the following conditions are met:

(1) the time prescribed or limited had not expired when the original action was commenced;

(2) failure to join the person as a defendant was inadvertent;

(3) service of summons was in fact had upon the person, his or her agent or partner, . . . even though he or she was served in the wrong capacity or as agent of another . . .;

(4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and

(5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. . . .

735 ILCS 5/2–616(d) (West 1992). The district court held that Arendt cannot satisfy the fourth of these requirements because Vetta Sports did not receive notice that the original action was pending against SRL until over four months after the applicable two-year statute of limitations had expired.

---

3. Arendt's amended complaint is therefore timely under Rule 15(c)(1) if it meets the requirements of either federal or Illinois law. Rule 15(c)(3) alternatively provides for the relation back of a pleading that changes the name of the party against whom a claim is asserted if, among other things, the party receives notice of the action within 120 days after the complaint is filed. Ar-

endt does not argue that Vetta Sports received actual notice of the action within the 120 days required under subsection (c)(3) of Rule 15 and therefore relies solely on subsection (c)(1). Because subsection (c)(1) refers us to Illinois law, we agree with the district court that the choice between federal and state law is not determinative in this case.

Arendt contends that the district court did not properly construe the language of the fourth requirement. Specifically, she argues that the fourth requirement does not set the statute of limitations period as the absolute cutoff for receipt of notice that the original action is pending. Arendt does not dispute that the language "within the time that the action might have been brought" refers to the statute of limitations period. She argues, however, that the language "or the right asserted against him or her" must refer to some period other than the statute of limitations period because any other construction of the statute would render this language superfluous. Arendt suggests instead that "within the time that ... the right [might have been] asserted against him or her" refers to the period of time permitted under Illinois law for service of process, in other words, a reasonable time after the complaint is filed.

Although Arendt is correct that there are no Illinois cases specifically discussing the meaning of the statutory language "within the time that the ... right [might have been] asserted against him or her," this court is not faced with a blank slate in construing section 2–616(d)(4). Illinois courts have unequivocally construed section 2–616(d)(4) in its entirety as a requirement that the defendant receive notice that the action is pending prior to the expiration of the statute of limitations period. *See, e.g., Osty v. M.R.V.S., Inc.,* 282 Ill.App.3d 834, 218 Ill.Dec. 177, 180, 668 N.E.2d 1009, 1012 (1996) (requiring knowledge "within the period in which the original action could have been brought"); *Vaughn,* 127 Ill.Dec. at 807, 533 N.E.2d at 889 (requiring notice "prior to the lapse of the limitations period"); *Barbour,* 153 Ill.Dec. at 554, 567 N.E.2d at 512 (stating notice must be received "before the expiration of the time provided in the statute of limitations"); *Thielke,* 85 Ill.Dec. at 208, 473 N.E.2d at 576 (stating notice must be received "before the running of the statute of limitations"). Given the considerable number of Illinois cases unambiguously construing Illinois' relation back statute, we decline to adopt Arendt's novel construction of section 2–616(d)(4). *See generally Affiliated FM Insurance Co. v. Trane Co.,* 831 F.2d 153, 155 (7th Cir.1987) ("[A]

federal court must apply the state law as declared by the highest state court or otherwise by the intermediate appellate court of the state. It has limited discretion to adopt untested legal theories under the rubric of state law."); *A.W. Huss Co. v. Continental Cas. Co.,* 735 F.2d 246, 253 (7th Cir.1984). Because Vetta Sports did not receive notice that the action was pending against SRL until over four months after the statute of limitations period expired, Arendt has not satisfied the requirements of section 2–616(d)(4) and her amended complaint cannot relate back to the date of her original complaint. The district court correctly held that her action is therefore barred by the statute of limitations.

IV.

■ Lastly, we briefly address Arendt's argument that the district court erred in dismissing her claim for breach of the implied warranty of fitness for a particular purpose. She argues that the applicable limitations period is four years and that her amended complaint was therefore timely filed. Arendt makes this argument for the first time on appeal to this court. "We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions." *Cooper v. Lane,* 969 F.2d 368, 371 (7th Cir. 1992); *Resolution Trust Corp. v. Juergens,* 965 F.2d 149, 153 (7th Cir.1992); *Manor Healthcare Corp. v. Guzzo,* 894 F.2d 919, 922 (7th Cir.1990). Because Arendt did not raise this argument before the district court in response to the summary judgment motion, she has waived this argument.

For the foregoing reasons, we AFFIRM the judgment of the district court.