129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Renee JOHNSON, Plaintiff-Appellant,
v.
BAXTER HEALTHCARE CORPORATION, Caremark Orthopedic Services
Inc., Caremark Orthopedic Management Services
Inc., and Caremark Inc., Defendants-Appellees.
 No. 96-3087.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 27, 1997.
 
 Before FLAUM, RIPPLE and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Renee Johnson filed suit against Baxter Healthcare Corporation and its successors (the "Company") alleging race discrimination, racial harassment, and retaliatory discharge in violation of Title VII of the 1964 Civil Rights Act. 42 U.S.C. § 2000e et seq. The district court granted summary judgment in favor of the Company. This appeal followed, and we affirm.
 
 
 2
 Johnson was represented by counsel in the district court, but she is proceeding pro se on appeal. We therefore liberally construe her claims. See Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994). However, even the most generous reading of Johnson's brief fails to reveal any arguments challenging the bases of the district court's memorandum opinion and order. Accordingly, Johnson has waived any claims regarding the district court's grant of summary judgment to the Company. See Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996).
 
 
 3
 For the first time on appeal, Johnson alleges violations of her Fourth and Fourteenth Amendment rights. Because Johnson failed to raise these claims before the district court, they are likewise waived. See Arendt v. Vetta Sports, Inc., 99 F.3d 231, 237 (7th Cir.1996); Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997).[1]
 
 
 4
 For the reasons stated by the district court, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The Company filed a motion to strike portions of Johnson's appellate brief and appendix. This motion is denied as moot