In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1276

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
and ROBERT BLOCH, in his official capacity as
Trustee of the Construction & General
Laborers' District Council
of Chicago and Vicinity,

Plaintiffs-Appellees,

v.

BRUNO CARUSO, JOHN MATASSA, JR., LEO CARUSO,
and CONSTRUCTION & GENERAL LABORERS' DISTRICT
COUNCIL OF CHICAGO AND VICINITY, an affiliated entity
of the Laborers' International Union of North
America,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 825--James B. Moran, Judge.

Argued October 27, 1999--Decided December 17, 1999

Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.  Since 1994, when they were the subject of a Department of Justice RICO investigation, the Laborers' International Union of North America (LIUNA) has attempted to rid itself of organized crime and stave off direct government control. These efforts culminated in LIUNA's adoption of a reform program in 1995 designed to root out mafia influence and corruption. In 1997, these reforms allowed LIUNA to bring a trusteeship complaint against the Chicago District Council (CDC) on charges of organized crime corruption, financial wrongdoing, and undemocratic procedures./1 As a result of these charges, an Independent Hearing Officer (IHO) concluded that a trusteeship was necessary because of the overwhelming evidence that organized crime had infiltrated the top ranks of the existing CDC leadership and that the CDC had been the continuous victim of undemocratic process for more than 25 years. Consequently, Robert Bloch was appointed as the CDC trustee

with full power to conduct all of the CDC's affairs.

Because the CDC refused to allow Bloch to perform his duties without a federal court order, LIUNA and Bloch filed this action in federal court. The defendants-appellants (hereinafter "CDC") filed counterclaims arguing that LIUNA's trusteeship action against CDC was really "discipline" against them personally. On January 6, 1999, the trial judge entered summary judgment in favor of LIUNA, stating that the IHO "has heard and read a massive amount of evidence . . . . Those rulings have evidentiary support. And that is the end of it." We affirm.

I.  BACKGROUND

In 1994, the Department of Justice announced that it was preparing to file an action against LIUNA under RICO with the intent of taking control of LIUNA and ridding it of organized crime. As part of LIUNA's attempts to avoid direct government control, the LIUNA General Executive Board (GEB) amended the LIUNA Constitution to add a new Ethics and Disciplinary Procedure ("EDP") and an Ethical Practice Code ("EPC"). LIUNA hoped that it could persuade the DOJ that it had the ability to expel organized crime from its ranks without the need for direct government control.

After LIUNA enacted the EDP and EPC, the DOJ entered into an agreement providing for strict government oversight of, and assistance to, LIUNA's internal reform process, but stopped short of assuming direct responsibility or control over LIUNA. Immediately after the agreement with the DOJ, LIUNA officials and LIUNA-affiliated entities from Chicago and elsewhere tried to block the reforms and the agreement with the DOJ through the filing of a number of suits in federal court, all alleging that the EDP, the EPC, and the agreement with the DOJ, violated the federal labor statutes./2

After this court upheld the EDP, EPC, and LIUNA's agreement with the DOJ, see Serpico, 97 F.3d at 996-99, the GEB Attorney initiated trusteeship proceedings against the CDC under the EDP, the LIUNA Constitution, and Title III of the Labor Management Reporting and Disclosure Act (LMRDA). The trusteeship complaint alleged that "for at least the past twenty-five years, the leadership of the Chicago District Council has had strong, discernible ties to the leadership of organized crime in Chicago" and that a trusteeship was necessary to remedy the problem.

On February 7, 1998, after 19 days of hearings

involving 45 witnesses and 200 exhibits, the IHO determined that a trusteeship of the CDC was necessary to expel the influence of organized crime, restore democratic process and otherwise carry out the legitimate business of the Union. The CDC and its former officers sought to appeal the IHO's decision to the Union's Appellate Officer (AO), an attorney appointed under the EDP to hear appeals of cases involving member discipline. The AO issued two opinions in which he ruled that the IHO's opinion was not appealable because it concerned a trusteeship only and imposed no "discipline" on any of the defendants within the meaning of the LMRDA.

Still, LIUNA and Bloch could not assume control of the CDC because the Executive Board of the CDC voted that it would not permit any trusteeship and refused to allow Bloch access to the CDC facilities. LIUNA and Bloch, therefore, filed this action in federal court. On February 28, 1998, after an extensive hearing, the district judge found the evidence against the CDC "earth shattering" and entered a temporary restraining order, barring the CDC and its former officers from interfering with the trusteeship./3

LIUNA and Bloch filed for summary judgment, and the CDC responded, claiming that: 1) there was an improper relationship between the United States and Arthur Coia, the GEB attorney, i.e., that the United States government was exercising too much influence over LIUNA decisions; 2) additional discovery was necessary; 3) the trusteeship was really a disciplinary action against Bruno Caruso because he had run for the LIUNA presidency on a platform which included ridding LIUNA of government control; and 4) the allegations of corruption were "stale" for the purposes of establishing the need for a trusteeship. The trial judge concluded that the IHO's ruling had evidentiary support and therefore granted the plaintiffs' motion for summary judgment. The CDC appeals.

## II.  ISSUES

On appeal, the CDC contends that: 1) the IHO's "evident partiality" deprived the CDC of a fair and impartial hearing; 2) LIUNA's "patently unreasonable" interpretation of its Constitution and the EDP deprived the CDC of an intraunion appeal; and 3) LIUNA's "bad faith" and "unclean hands" precluded summary judgment.

## III.  ANALYSIS

The first two issues the CDC raises on appeal, that the IHO's "evident partiality" deprived the CDC of a fair and impartial hearing and that LIUNA's "patently unreasonable" interpretation of

its Constitution and the EDP deprived the CDC of an intraunion appeal, were not raised in the CDC's response to the motion for summary judgment. "We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions." Arendt v. Vetta Sports, Inc., 99 F.3d 231, 237 (7th Cir. 1996) (citing Cooper v. Lane, 969 F.2d 368, 371 (7th Cir. 1992); Resolution Trust Corp. v. Juergens, 965 F.2d 149, 153 (7th Cir. 1992); and Manor Healthcare Corp. v. Guzzo, 894 F.2d 919, 922 (7th Cir. 1990)). Accordingly, the CDC has waived any argument concerning the IHO's partiality and LIUNA's interpretation of its constitution or EDP.

Although the CDC has preserved its arguments concerning LIUNA's "bad faith" and "unclean hands," they are meritless. In Serpico, 97 F.3d at 999, this court upheld LIUNA's agreement with the government stating that "we, too, think that reasonable and honest interpreters could have concluded that the steps the Board took were necessary to avoid a RICO complaint, which given the dire consequences of a receivership could have been deemed an emergency." The CDC's attempts to characterize its new challenges to the EDP as challenges to how the EDP is implemented do not alter the fact that the EDP was appropriately enacted and we are not aware of any compelling reason that warrants concluding that LIUNA's efforts to establish a trusteeship over the CDC was in bad faith.

The decision of the district court is

AFFIRMED.


/1 The CDC is a subordinate body of LIUNA, located in Chicago, which functions as the central representative body for 21 affiliated local unions comprised of approximately 19,000 LIUNA members.

/2 See Serpico v. Laborers' Int'l Union N. Am., 97 F.3d 995 (7th Cir. 1996), for a more detailed account of the initial challenge to the EDP and EPC.

/3 On March 3, 1998, after another hearing, the judge ruled that the terms of the temporary restraining order should continue as a preliminary injunction.