ARMSTRONG, Judge.
Plaintiff appeals a ruling of the trial court denying him leave to file a fifth amended and supplemental petition in his suit for damages against the defendants.
The record reflects that on March 31, 1981 plaintiff, Lynn B. Dean, a member of the St. Bernard Parish School Board, circulated a letter to his constituents in which he recommended the election of a certain candidate for political office. The letter, although signed only by the plaintiff, was written on official school board stationery that listed all of the board members in the margin. Hillary J. Nunez, a fellow school board member, filed an affidavit with a justice of the peace alleging that plaintiff was in violation of LSA-R.S. 18:1463 B of the Louisiana Election Code.
LSA-R.S. 18:1463 B prohibits the distribution of any material which falsely alleges that a candidate is supported by, or affiliated with, any other person, candidate or political faction. A violation of the statute subjects the offender to criminal penalties of a fine not to exceed two thousand dollars or imprisonment up to two years, or both. LSA-R.S. 18:1463.
Pursuant to the Nunez affidavit plaintiff was arrested on April 3, 1981. He was booked, fingerprinted and held 30 minutes in jail while awaiting bond.
On September 8, 1981 a bill of information charging the plaintiff under LSA-R.S. 18:1463 B was filed by the St. Bernard Parish District Attorney’s Office. The case, however, was nolle prosequied by the District Attorney and dismissed on December 10, 1981.
On April 5, 1982 plaintiff filed a $60,-000.00 damage suit against Hillary Nunez. In his petition he alleged that Nunez acted with malice in filing the affidavit. On July 30, 1982 plaintiff filed an amended petition naming seven other school board members as co-defendants. Depositions of the defendants were taken in August of 1982, as well as that of the District Attorney John F. Rowley.
On March 15, 1984, two years later, plaintiff filed a second supplemental and amending petition naming District Attorney John F. Rowley as a co-defendant. On August 24, 1984, plaintiff filed a third supplemental and amending petition alleging malice on the part of the District Attorney and praying for an additional $30,000 in damages. - On November 5, 1985 the trial court allowed plaintiff to file a fourth supplemental and amending petition alleging that Rowley conspired with the co-defendants to charge and prosecute plaintiff for a violation of the Election Code.
On February 24, 1985 plaintiff attempted to file a fifth supplemental and amending petition. In this petition he alleged a new cause of action under 42 U.S.C. § 1981 and § 1983 of the federal Civil Rights Act. Plaintiff also alleged that D.A. Rowley and the other defendants conspired under color of law to deprive him of his constitutional rights, in particular his First Amendment Rights. He requested an additional $90,-000.00 in damages. On February 24, 1986 the trial judge rendered judgment denying plaintiff’s motion to allow the fifth supplemental and amending petition. Plaintiff appeals.
It should be noted that an order denying a motion to file a supplemental and amended petition is an interlocutory judgment which is not appealable unless there is a showing of irreparable injury. LSA-C.C.P. Art. 2083; Mercadel v. Mercadel, 155 So. 391 (La.1984).
Plaintiff argues that unless his original petition is amended to include his § 1983 claims he will loose his federal cause of action as prescription has run as to those claims in federal court. He contends that the § 1983 claims arose out of the same basic facts as his original suit filed in state court and that prescription was thus interrupted.
Federal jurisdiction of § 1983 claims is concurrent with that of the state courts rather than exclusively federal. State courts may thus hear and decide claims raised under the civil rights statutes. 42 U.S.C. § 1983; Ford v. Stone, 599 F.Supp. 693 (M.D.La.1984), affirmed at 774 F.2d 1158 (5th Cir.1985). Because no federal statute of limitations relating to civil rights *214 actions applies to suits under 42 U.S.C. § 1981 et seq., federal courts must apply the most appropriate period supplied by the law of the state in which the federal court sits. Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Louisiana Civil Code Art. 3492 provides a prescriptive period of one year for delictual actions brought under LSA-C.C. Art. 2315, the general tort article, which is the most analogous type of cause of action to a suit under 42 U.S.C. § 1983. Jones v. Orleans Parish School Board, 688 F.2d 342 (5th Cir.1982).
In the instant case, plaintiffs cause of action under § 1983 was not urged until four years after his original suit was filed. Without reaching the merits of the prescription issue, we find that plaintiffs ability to pursue his § 1983 claim in state and federal court could be adversely affected by non-amendment of his original petition. Thus the matter is properly before this court on appeal.
Plaintiff contends that the amendment should have been allowed since it furthered justice, caused no injury, and did not prejudice the rights of the opposing parties. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956).
The general rule as to allowing amendments after an answer is filed is that it is discretionary with the trial judge and that his ruling will not be disturbed absent a manifest abuse of discretion. LSA-C.C.P. Art. 1152; Strecker v. Credico Financial, Inc., 444 So.2d 783 (La.App. 4th Cir.1984); Independent, Inc. v. Watson, 394 So.2d 710 (La.App. 3rd Cir.1981).
The jurisprudence reflects that pre-trial amendments raising new issues are to be permitted unless prejudice to the opposing party results, i.e. inadequate time in which to prepare to meet the new issue. Such prejudice is ordinarily cured by a continuance. Wallace v. Hanover Insurance Co. of New York, 164 So.2d 111 (La.App. 1st Cir.1964). However, as Judge Albert Tate Jr. pointed out in his article “Amendment of Pleadings in Louisiana”, the curative effect of a continuance must be balanced against the prejudice caused by the delay, the added expense and by the possible confusion caused by the amendment. “When amendment is offered tardily without justification for delay, these factors may outweigh the merit-justice interests which favor permitting it.” Tate, “Amendment of Pleadings in Louisiana”, 43 Tulane Law Review 211 (1968).
In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court also recognized exceptions to the general rule allowing amendments to pleadings. These exceptions included undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and the futility of the amendment offered.
This case arose out of incidents which allegedly occurred in 1981. Plaintiff’s original lawsuit was filed in 1982. All discovery was completed by August, 1982. The trial date was postponed at least three times due to prior amendments. Plaintiff was permitted to amend and supplement his original petition on four previous occasions. Plaintiff’s Fifth Amending and Supplemental Petition not only alleged a new cause of action but expanded the allegations relative to the basic facts as originally presented in 1982.
Although liberal amendment of pleadings is the policy in Louisiana, limits exist on the extent to which this court will allow amendment. Carter v. Safeco Ins. Co., 435 So.2d 1076 (La.App. 1st Cir.1983). Having reviewed the procedural history of this case, we find no abuse of discretion on the part of the trial court in refusing to grant plaintiff’s motion to amend and supplement his petition for a fifth time. Vidrine v. Carmouche, 422 So.2d 1327 (La. App. 3rd Cir.1982). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.