HELORUS MATTHEWS, Indiv. and as Adm'r of the Estate of Karen Matthews, Deceased, *et al.*, Plaintiffs-Appellants, v. SCOTT DONNELLY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—93—2426

Opinion filed August 18, 1994.

Jeffrey M. Marks, of Chicago, for appellants.

Joseph F. Spitzzeri and Christopher C. Osborne, both of Cole, Grasso, Fencl & Skinner, Ltd., of Chicago, for appellee Scott Donnelly.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court granting the motion of defendant Dr. Scott Donnelly to dismiss pursuant to Illinois Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) On appeal, plaintiffs contend the trial court abused its discretion in dismissing defendant from their cause of action with prejudice because the evidence did not reveal a lack of reasonable diligence in their attempts to serve the defendant.

On September 16, 1990, plaintiffs filed a complaint alleging that defendant, among others, committed medical malpractice in the treatment of the deceased on or about August 22, 1988. On October 25, 1990, plaintiffs obtained summons and served it upon the codefendant hospital on October 30, 1990. On March 7, 1991, plaintiffs filed special interrogatories asking the hospital for the proper names and last known addresses of members of the hospital staff including defendant. On April 1, 1991, at the court's progress call, the court ordered the hospital to answer plaintiffs' discovery within 28 days. On February 5, 1992, plaintiffs filed a motion to compel the hospital to answer special interrogatories within 28 days. In March of 1992 the hospital complied and on April 9, 1992, plaintiffs filed a summons for the defendant with instructions to serve him at the hospital. On April 27, 1992, after six previously unsuccessful attempts at service, defendant was served. However, at a hearing on August 6, 1992, the

court ruled that while the sheriff's return indicated that the defendant, via telephone, had instructed the sheriff to leave the summons with the risk manager of the hospital, service was not personal and thus could not withstand defendant's motion to quash service. Accordingly, the court granted defendant's motion to quash service and granted plaintiffs leave to issue an alias summons. On August 24, 1992, plaintiffs issued an alias summons, and on September 8, 1992, a completed return of service indicated that service had not been accomplished. In October of 1992 a third alias summons was issued and defendant was served at his home on November 7, 1992.

During the hearing on the defendant's subsequent motion to dismiss the court stated:

> "My understanding of the law is that the question of reasonable diligence under 103(b) starts from the filing of the complaint, not from the filing—not from the running of the statute of limitations.
>
> Two sentences in 103(b) do differ whether the statute of limitations has run or not but the end of the sentence says that if the statute of limitations has not run, the dismissal is without prejudice. If the statute of limitations has run the dismissal is with prejudice.
>
> I don't think the question is counting the time from the statute of limitations to service. Hence, I'm looking at the period of time from September 16, 1990, to April 9, 1992 or till April 27, 1992, when the disputed service was served on Doctor Don[n]el[l]y.
>
> * * *
>
> Since the statute of limitations has run I will dismiss the case with prejudice."

On appeal, plaintiffs contend the trial court erred in granting defendant's motion to dismiss pursuant to Supreme Court Rule 103(b). First, plaintiffs argue the trial court erred in considering their diligence or lack thereof prior to the expiration of the applicable statute of limitations in determining whether or not dismissal with prejudice under Supreme Court Rule 103(b) was appropriate. Plaintiffs argue that the rule addresses lack of diligence in two separate time frames: (1) failure to exercise reasonable diligence prior to the expiration of the statute of limitations, and (2) failure to exercise reasonable diligence after the expiration of the applicable statute of limitations. Plaintiffs contend that only a failure to exercise reasonable diligence after the expiration of the applicable statute of limitations results in a dismissal with prejudice. Accordingly, plaintiffs argue that the trial court's consideration of the plaintiffs' diligence or lack thereof in obtaining service prior to the expiration of the statute of limitations was error. We agree.

●1 Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (134 Ill. 2d R. 103(b).)

The commentary to Supreme Court Rule 103(b) states:

"Paragraph (b) was *** revised in 1969 to provide that a dismissal with prejudice shall be entered *only* when the failure to exercise due diligence to obtain service occurred after the expiration of the applicable statute of limitations. Prior to the expiration of the statute, a delay in service does not prejudice a defendant." (Emphasis added.) (134 Ill. 2d R. 103, Committee Comments.)

The plain language of Rule 103(b), as noted in the Comments, authorizes dismissal with prejudice only when the plaintiff fails to exercise reasonable diligence to obtain service after the expiration of the applicable statute of limitations. (134 Ill. 2d R. 103, Committee Comments.) If the failure occurs before the running of the statute, the dismissal is without prejudice. If the failure occurs after the running of the statute, the dismissal is with prejudice. See *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932.

Accordingly, we find that in determining whether or not a defendant may be dismissed with prejudice under Rule 103(b), the crucial inquiry is whether or not an examination of the plaintiff's actions following the expiration of the statute of limitations reveals a failure to exercise reasonable diligence. This approach was adopted by the Fifth District Appellate Court in *Langford v. Sentry Insurance of Illinois, Inc.* (1990), 193 Ill. App. 3d 386, 549 N.E.2d 951, where the court stated:

"In ruling on a Rule 103(b) motion, a court may not consider the period or activities before the expiration of the statute of limitations. ***

***

A public policy inherent in the rule and its application is to encourage the process of discovery before trial when the claim is not yet stale. To indicate that a court could consider the time and actions before the running of the statute would encourage the filing of claims at the tail end of the statute of limitations so the prestatute time would not be held against a plaintiff. This is

clearly contrary to the policy and intent of the rule." (*Langford v. Sentry Insurance of Illinois, Inc.*, 193 Ill. App. 3d at 388-89.) Because we find the reasoning in *Langford* compelling, we specifically decline to follow this court's previous holding in *Easa v. Group III Promotions, Inc.* (1989), 182 Ill. App. 3d 297, 537 N.E.2d 1063, and adopt the rule announced in *Langford* which allows the trial court to consider only the time and actions after the expiration of the limitations period when ruling on a motion to dismiss with prejudice under Supreme Court Rule 103(b). Thus, in reviewing the propriety of the trial court's dismissal of the defendant in the present case, the salient question is whether the plaintiffs' actions from November 19, 1991, through November 7, 1992, constituted a failure to exercise reasonable diligence in effectuating service.

The plaintiffs had the burden of showing reasonable diligence in service of process, and dismissal under Supreme Court Rule 103(b) is within the sound discretion of the circuit court. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 555 N.E.2d 719.) A trial court's dismissal pursuant to Rule 103(b) will be reversed only upon a showing that the trial court abused its discretion. *Zincoris v. Hobart Brothers Co.* (1993), 243 Ill. App. 3d 609, 611 N.E.2d 1327; *Cannon v. Dini* (1992), 226 Ill. App. 3d 82, 589 N.E.2d 653.

●2 Factors which a court may consider in determining whether to allow or deny a Rule 103(b) motion include: (1) the length of time used to obtain service of process; (2) plaintiff's knowledge of the defendant's location; (3) the ease with which defendant's whereabouts could have been ascertained; (4) the defendant's actual knowledge, prior to service, that a suit was pending against him; (5) any special circumstances which affected plaintiff's efforts at service; and (6) the ease with which the defendant was actually served. (*Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 561 N.E.2d 25; *Sinn v. Elmhurst Medical Building, Ltd.* (1993), 243 Ill. App. 3d 787, 612 N.E.2d 932.) A plaintiff's efforts to obtain service through an alias summons are relevant to the question of reasonable diligence. *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 455, 516 N.E.2d 727.

These factors must be considered in light of the purpose of Rule 103 to protect defendants from any unnecessary delay in service of process and to prevent the circumvention of the statute of limitations. (*Segal v. Sacco*, 136 Ill. 2d at 286.) Dismissal of a suit with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies the defendant a fair opportunity to investigate the circumstances upon which liability against the defendant is predicated while the facts are accessible. *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540.

●3 In this case, because the length of the delay in service of process was such that the purpose of Rule 103(b) would not be served by dismissing plaintiffs' action, the circuit court abused its discretion when it granted the defendant's motion to dismiss. In *Segal v. Sacco*, the Illinois Supreme Court found that the 4 1/2-month delay from the running of the statute of limitations to the time of service did not constitute a failure to exercise reasonable diligence. In that case, plaintiff first placed the complaint for service about 4 1/2 months after filing suit and the running of the statute of limitations. Plaintiff stated that his delay in placing the complaint for service was due to the fact that he inadvertently "forgot" to do so earlier. After noting that the cause arose in Cook County, where it is not uncommon for a trial to occur years after the filing of a complaint, the supreme court found that the 4 1/2-month delay in service did not threaten the circuit court's ability to proceed expeditiously to a just resolution of the matter.

In the present case, there was a delay of slightly less than five months between the expiration of the statute of limitations and the April 27, 1992, service of the defendant. Moreover, unlike the plaintiff in *Segal*, the plaintiffs in the present case did not sit idly by during this period. During this period plaintiffs attempted to obtain answers to their special interrogatories and shortly after receiving them an alias summons was issued. Plaintiffs then made six unsuccessful attempts at service before finally serving the defendant on April 27, 1992. In a similar fashion, plaintiffs' activities following the circuit court's order quashing the April 27 service evince an exercise of reasonable diligence. Immediately following the issuance of the circuit court's order, plaintiffs attempted service, issued new alias summonses, and actually served the defendant on November 7, 1992. After a thorough review of the circumstances in this case, we find that an order of dismissal with prejudice pursuant to Rule 103(b) was not justified.

For the reasons stated, we reverse the order of the circuit court granting defendant's motion and remand the cause to the circuit court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HOFFMAN, P.J., and CAHILL, J., concur.