Thomas ATHMER, Plaintiff–Appellant,

v.

C.E.I. EQUIPMENT COMPANY INC., Defendant–Appellee.

No. 97–1209.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 1997.

Decided Aug. 5, 1997.

James R. Mendillo, Michael J. Murphy (argued), Freeark, Harvey, Mendillo, Dennis, Wuller & Buser, Belleville, IL, for Plaintiff–Appellant.

Jeffrey A. Kopis, Sr., Peter Hoffman (argued), Kortenhof & Ely, St. Louis, MO, for Defendant–Appellee.

Before POSNER, Chief Judge, and CUDAHY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

Thomas Athmer, the plaintiff in a diversity suit for products liability, appeals from the dismissal of his suit on the basis of the two-year Illinois' statute of limitations that is applicable to such suits. 735 ILCS 5/13–202, 5/13–213(b); *Golla v. General Motors Corp.,* 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 897 (1995). It had been filed originally in an Illinois state court on April 23, 1996, five days before the statute of limitations expired. It had named as the defendant "C.E.I. Pacer," alleged to be the manufacturer of a delivery truck owned by the plaintiff's then employer. It had claimed that the plaintiff had been injured as a result of defects in the truck's bed. The bed had been installed on the deck of the truck behind the cab, either before or after the truck had been sold by its manufacturer. The bed's manufacturer was not "C.E.I. Pacer," an entity that so far as anyone knows does not exist, but Courtesy Enterprises, Inc., an Iowa corporation that does business under the name "C.E.I. Equipment Co." Athmer's lawyer did not attempt to serve the complaint upon "C.E.I. Pacer," but it served C.E.I. Equipment Co. (as we'll call the defendant) on July 9, 1996. The plaintiff claims not to have discovered the name and address of the truck bed's manufacturer until given this information by Athmer's employer (which owned the truck at the time of the accident) on May 8, 1996, after the statute of limitations had expired. On June 20 the plaintiff asked for (and was granted) leave to file an amended complaint correcting the defendant's name. That name does not appear anywhere on the truck. The truck bed carries the legend "C.E.I. Pacer," and the plaintiff evidently assumed that this was the name of the manufacturer; but it was merely a brand name.

■ If you sue a nonexistent entity, the filing of your suit does not deprive the real defendant whom you sue later of his defense that the statute of limitations has run. Otherwise a plaintiff could sue "John Doe" the day after the accident and wait twenty years to find out the defendant's real name and amend the complaint accordingly. Athmer did not file his amended complaint until approximately two months after the statute of limitations had run on a suit against C.E.I. Equipment Co. So, prima facie, the suit is time-barred. But there are defenses to the defense of statute of limitations, of which three are potentially relevant. The first is the doctrine of "misnomer," codified in Illinois in 735 ILCS 5/2–401(b), which provides that "the name of any party may be correct-

ed at any time." A misnomer is to be distinguished from a case of mistaken identity. *Barbour v. Fred Berglund & Sons, Inc.,* 208 Ill.App.3d 644, 153 Ill.Dec. 551, 567 N.E.2d 509, 512 (1990); *Diaz v. Shallbetter,* 984 F.2d 850, 854 (7th Cir.1993) (applying Illinois law). "Misnomer" denotes the case in which the plaintiff has the wrong name of the right party, while in a case of mistaken identity the plaintiff has named the wrong party. In that event the plaintiff must serve the correct defendant before the statute of limitations expires, 735 ILCS 5/2–616(d); a misnomer can be corrected at any time, provided that the plaintiff serves the defendant with reasonable promptness, even if it is after the statute of limitations has run (as in a case in which the complaint was filed just before it ran). *Barbour v. Fred Berglund & Sons, Inc., supra,* 153 Ill.Dec. 551, 567 N.E.2d at 511–12; *Estate of Henry,* 285 Ill.App.3d 262, 220 Ill.Dec. 831, 833–34, 674 N.E.2d 102, 104–05 (1996); *Shaifer v. Folino,* 272 Ill.App.3d 709, 208 Ill.Dec. 900, 903, 650 N.E.2d 594, 597 (1995); *Schryver v. Eriksen,* 255 Ill. App.3d 418, 194 Ill.Dec. 175, 177, 627 N.E.2d 291, 293 (1993); Diane S. Kaplan & Kimberly L. Craft, "Time Warps and Identity Crises: Muddling Through the Misnomer/Misidentification Mess," 26 *John Marshall L.Rev.* 257, 259 (1993). A misnomer is nothing more than an error in the drafting of the complaint, and it ought to be corrigible by amendment, whereas in a case of mistaken identity the plaintiff has sued the wrong person, and he cannot be allowed by doing that to prevent the right person from pleading the statute of limitations—otherwise, as we have noted, the plaintiff could name "John Doe" in the complaint and take the next twenty years to find out who the actual tortfeasor was.

■ This is not a misnomer case. The plaintiff had no idea at the time he filed the original complaint who the tortfeasor was that he was trying to sue. He knew that it was whoever had manufactured the truck bed but he did not know the identity of that manufacturer. It could have been anyone in the world, as far as the plaintiff knew. Because the words "C.E.I. Pacer" appeared on the truck bed, the plaintiff called the defendant by this name. If the only words had been "Bronco Truck Bed," that is no doubt the name the plaintiff would have chosen. And if no words had appeared on the truck bed, the plaintiff would have sued "John Doe Truck Bed Manufacturer." Clearly *that* would not have been a misnomer, equivalent to a spelling error; it would have been a case of mistaken or, better, of no identity—a pure shot in the dark, remote from the intentions behind the misnomer doctrine. The defendant to be, C.E.I. Equipment Company, could have no clear idea that it was going to be sued.

■ We could stop there, because while there are other potentially relevant defenses to the statute of limitations the plaintiff does not mention any. He stands foursquare on misnomer and when invited at oral argument to argue equitable tolling declined to do so, although there is a hint of equitable estoppel in his briefs. Let us consider whether he may simply have misnamed his defense—appropriately enough in a supposed misnomer case. The doctrine of equitable estoppel can be used to stop the running of the limitations period if the defendant makes efforts to prevent the plaintiff from suing in time, as by promising him not to plead the statute of limitations or by concealing his identity from the plaintiff. E.g., *Tegeler v. Industrial Comm'n,* 173 Ill.2d 498, 220 Ill.Dec. 114, 117–18, 672 N.E.2d 1126, 1129–30 (Ill.1996); *Vaughn v. Speaker,* 126 Ill.2d 150, 127 Ill. Dec. 803, 808, 533 N.E.2d 885, 890 (1988); *Ciers v. O.L. Schmidt Barge Lines, Inc.,* 285 Ill.App.3d 1046, 221 Ill.Dec. 303, 305–06, 675 N.E.2d 210, 212–13 (1996); *Soignier v. American Board of Plastic Surgery,* 92 F.3d 547, 554 (7th Cir.1996) (applying Illinois law); *Singletary v. Continental Illinois Nat'l Bank & Trust Co.,* 9 F.3d 1236, 1241 (7th Cir.1993) (ditto). Athmer gestures at this doctrine by complaining that C.E.I. Equipment Company's failure to place its corporate name on the truck bed made it difficult for him to discover who was responsible for his injury. But manufacturers don't always place their name on the outside of the products they manufacture, and when they do, the buyer is free to efface the name. There is thus no basis for thinking that the defendant in labeling the truck bed "C.E.I. Pacer" was trying to throw potential products liability suitors off the scent, and, more to the point, in light

of cases such as *Witherell v. Weimer,* 118 Ill.2d 321, 113 Ill.Dec. 259, 263, 515 N.E.2d 68, 72 (1987), which hold that intent to deceive is not an essential element of equitable estoppel, it was unreasonable for Athmer to rely on the label as giving the manufacturer's name, *Osty v. M.R.V.S., Inc.,* 282 Ill.App.3d 834, 218 Ill.Dec. 177, 179, 668 N.E.2d 1009, 1011 (1996)—and reasonable reliance *is* an essential element. *Witherell v. Weimer, supra,* 113 Ill.Dec. 259, 515 N.E.2d at 72–73; *Jackson Jordan, Inc. v. Leydig, Voit & Mayer,* 158 Ill.2d 240, 198 Ill.Dec. 786, 791, 633 N.E.2d 627, 632 (1994). Athmer had two years to find out who the manufacturer was—he had only to ask his employer—and could have found it out within a few weeks at most.

■ Which also scotches the last possibility, an appeal to the doctrine of equitable tolling. That doctrine allows a plaintiff to delay suing beyond the expiration of the statute of limitations if despite all reasonable diligence he just is not able to sue in time even though the defendant has taken no steps to obstruct the suit. E.g., *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 561–62 (7th Cir.1996); *Chakonas v. City of Chicago,* 42 F.3d 1132, 1135 (7th Cir.1994); *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990). It is not clear whether equitable tolling exists in Illinois as a doctrine separate from equitable estoppel. *Singletary v. Continental Illinois Nat'l Bank & Trust Co., supra,* 9 F.3d at 1241–42; *Smith v. City of Chicago Heights,* 951 F.2d 834, 838 n. 5 (7th Cir.1992); see *Medical Disposal Services, Inc. v. EPA,* 286 Ill. App.3d 562, 222 Ill.Dec. 225, 229, 677 N.E.2d 428, 433 (1996); *Hess v. I.R.E. Real Estate Income Fund, Ltd.,* 255 Ill.App.3d 790, 195 Ill.Dec. 935, 946, 629 N.E.2d 520, 531 (1993); *Larrance v. Illinois Human Rights Comm'n,* 166 Ill.App.3d 224, 117 Ill.Dec. 36, 42, 519 N.E.2d 1203, 1209 (1988). Unsure that it even exists, we hesitate to guess at its boundaries; nor need we, since it is apparent that even if they are as wide as they are in other jurisdictions, Athmer's case is not inside them. Even if C.E.I. is an obscure company and the brand name "Pacer" not well known, and even if Athmer's employer hadn't known who had manufactured the truck bed (maybe it had bought the truck second hand and the bed had been installed in it many years earlier) or wasn't telling, Athmer would not be privileged to delay suit indefinitely. He waited almost six weeks after discovering the defendant's true name before seeking leave to file an amended complaint correcting the name. More important, he has not attempted to show that a reasonably diligent person in his position would have needed more than two years to discover the name of the manufacturer of the defective instrumentality; and that is what is important. *Singletary v. Continental Illinois Nat'l Bank & Trust Co., supra,* 9 F.3d at 1243; *Anderson v. Wagner,* 79 Ill.2d 295, 37 Ill.Dec. 558, 571, 402 N.E.2d 560, 573 (1979); *Foster v. Plaut,* 252 Ill. App.3d 692, 192 Ill.Dec. 238, 243–44, 625 N.E.2d 198, 203–04 (1993). While in deciding whether a plaintiff has been diligent in serving a summons after the statute of limitations has run out the Illinois courts do not consider the plaintiff's lack of diligence in the period before it ran out, *Matthews v. Donnelly,* 265 Ill.App.3d 1016, 203 Ill.Dec. 154, 157, 639 N.E.2d 193, 196 (1994); *Langford v. Sentry Ins. of Illinois, Inc.,* 193 Ill.App.3d 386, 140 Ill.Dec. 300, 301, 549 N.E.2d 951, 952 (1990), that is because the focus in such cases is on the plaintiff's efforts to serve the summons. Here the focus is on whether the plaintiff needed more time to file his complaint than the statute of limitations allowed him. He did not need more time, and certainly not six weeks more.

AFFIRMED.