**James TAYLOR**

v.

**CITY OF WINNFIELD, et al.**

No. Civ.A. 99–1828.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 14, 2000.

Chris L. Bowman, Jonesboro, LA, for James Taylor, plaintiff.

Randall B. Keiser, Keiser & Auzenne, Alexandria, LA, for City of Winnfield, Gleason Nugent, Deano Thorton, John Doe, defendants.

### RULING

LITTLE, Chief Judge.

Before this court is defendant "John Doe"'s motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion to dismiss claims against John Doe is GRANTED.

## I. BACKGROUND

On 9 September 1999, plaintiff James Taylor ("Taylor") filed a complaint against the City of Winnfield, Gleason Nugent, Deano Thorton, and "John Doe, Jailors of City of Winnfield" in the Eighth Judicial District Court for the Parish of Winnfield, State of Louisiana, alleging deprivation of plaintiff's constitutional rights under color of law. The defendants filed a petition for removal on 5 October 1999, and the case was removed to this court shortly thereafter.

On 9 September 1998, Taylor had been arrested by officials of the City of Winnfield Police Department as a pretrial detainee and charged with various criminal offenses. Taylor alleges in his complaint that at the time of his arrest, he "was suffering from abdominal pain and pain on urination, and in fact was urinating blood." (Compl.¶ 23.) According to Taylor, he complained of his condition and requested medical treatment, but the prison officials denied his request and were "deliberately indifferent" to his serious medical needs. Taylor alleges that, due to said deliberate indifference, medical treatment was delayed and he was required to undergo surgery. Plaintiff also alleges in his complaint that defendant "John Doe" represents police officers and deputy jailers at the Winnfield Police Department whose names are unknown at the time. Presumably, John Doe refers to the individual prison official(s) who denied Taylor's request for medical treatment.[1]

On 5 November 1999, the defendants in this case filed a motion to dismiss for failure to state a claim or, alternatively, motion for a more definite statement, on the grounds that Taylor's claims are time barred and that Taylor erroneously alleges violations of his Eighth Amendment rights, which only applies to those who have been *convicted* of a

---

1. Taylor's complaint is unclear as to whether John Doe represents one prison official or more than one. In Paragraph 20 of the complaint, Taylor alleges that "[t]he defendant, JOHN DOE is and was deputy jailor or police officer of City of Winnfield Police Department, and all times herein was acting in such a capacity as the agent, servant and employee of City of Winnfield, he is sued individually and in his official capacity." In Paragraph 29 of the same, however, Taylor makes allegations against "[t]he Defendant, Police *Officers* and Deputy *Jailors* who are identified in this petition as John Doe, the names of whom are unknown at the current time...." (Emphasis added.) Nowhere in the complaint does Taylor state how many prison officials denied his request for medical treatment. For purposes of ruling on the motion to dismiss herein, we will assume that John Doe represents any or all prison officials who allegedly denied such request.

crime. On 25 January 2000, we adopted the recommendations of the magistrate: We denied the defendants' motion to dismiss based on prescription, since Taylor proved that his complaint was filed timely, and we dismissed Taylor's Eighth Amendment claims. Plaintiff was allowed to pursue his amended claims based on the Fourth and Fourteenth Amendments.

Although Taylor filed an amended complaint with this court, he still has not identified defendant John Doe, other than as police officers and deputy jailors at the Winnfield Police Department. On 30 December 1999, defendant John Doe, through shared counsel for all defendants, filed the motion to dismiss for failure to state a claim now before this court, asserting that Taylor's claims against the fictitiously sued John Doe are now time barred.

## II. ANALYSIS

■ Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege, first, that he has been deprived of a constitutional right and, second, that the deprivation was by a person acting under color of law. See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Davis Oil Co. v. Mills*, 873 F.2d 774, 779 (5th Cir.1989). In determining the applicable limitations period in a § 1983 action, the court looks to the forum state's personal injury limitations period. See *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998); *Dean v. Nunez*, 503 So.2d 212, 214 (La.App. 4th Cir.1987); *McCoy v. City of Monroe*, 747 So.2d 1234, 1238 (La.App.2d Cir.1999). In Louisiana, that limitations period is one year. See *Jacobsen*, 133 F.3d at 319; *Dean*, 503 So.2d at 214.

■ It has long been an accepted practice to allow claims against an unknown defendant to be amended to identify the defendant when his identity is discovered. *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 536–37, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939);

*Local Trademarks, Inc. v. Price*, 170 F.2d 715, 717 (5th Cir.1948). The amendment, however, either must be made within the applicable limitations period or must relate back to the date of the original complaint; otherwise, it will be time-barred. Rule 15(c) provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when ... within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED.R.CIV.P. 15(c). The time period allowed by Rule 4(m) for service of the summons and complaint is 120 days after the filing of the complaint. See FED.R.CIV.P. Rule 4(m). As interpreted by courts, Rule 15(c) " 'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of error, such as a misnomer or misidentification.' " *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998) (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir.1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).

In the instant case, John Doe is the only relevant defendant for purposes of ruling on the motion to dismiss before this court. Plaintiff Taylor filed the original complaint against John Doe and others on 9 September 1999. On 26 November 1999, Taylor filed an amended complaint but did not identify therein which individuals John Doe represents. It has been over five months since Taylor filed the original complaint, and to this date he has not revealed the identities of John Doe.

Taylor argues in his opposition memorandum that Rule 4(m) allows 120 days from the date of the filing of the complaint to name the unnamed defendants and that 120 days had not yet passed, at least as of the date of

the opposition memorandum. Although the parties dispute whether or not 120 days had elapsed at that point, that no longer is an issue. It is now mid-February 2000. There is no question that over 120 days have elapsed since the filing of the complaint, and Taylor *still* has not identified the names of the John Doe defendants. There was nothing to prevent Taylor from seeking discovery of the names of the John Doe prison officials in a timely fashion[2] and to obtain their identities before the expiration of the 120–day limitation period.

■ Moreover, Taylor cannot now amend his complaint to identify defendant John Doe. *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), is squarely on point and dictates that, under these circumstances, an amendment to substitute a named party for a John Doe defendant may *not* relate back to the filing of the original complaint under Rule 15(c)(3) in order to prevent prescription. *See id.* at 320–22. The reasoning is as follows: The purpose of Rule 15(c) is to allow an amendment changing the name of a party to relate back to the original complaint *only if* the change is the result of an error. For a John Doe defendant, there was no error in identifying the correct defendant; rather, the problem was not being able to identify that defendant. *See id.* at 320–21.

The *Jacobsen* court notes that its ruling is consistent with the majority of other circuit courts that have considered the issue. *See id.* at 320–21 (discussing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469–70 (2d Cir.1995), *modified by* 74 F.3d 1366 (2d Cir.

1996); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir.1993); *Wilson v. U.S. Gov't*, 23 F.3d 559, 562–63 (1st Cir.1994)). All of those circuits have held that a plaintiff who fails to name the correct defendants due to a lack of knowledge as to their identity, and not a mistake in their names, cannot avail himself of the relation back doctrine of Rule 15(c). And according to another circuit, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996). The law, therefore, is clear. As applied to the instant case, the relation back doctrine of Rule 15(c) is unavailable to Taylor because he has not made an "error" or "mistake" in identifying the correct defendant; rather, Taylor has been unable to identify those defendants to whom he refers as John Doe. Prescription has not been prevented. *See Jacobsen*, 133 F.3d at 320; *Cox*, 75 F.3d at 240 ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."); *Athmer v. C.E.I. Equip. Co. Inc.*, 121 F.3d 294, 295 (7th Cir. 1997) ("If you sue a nonexistent entity, the filing of your suit does not deprive the real defendant whom you sue later of his defense that the statute of limitations has run. Otherwise a plaintiff could sue 'John Doe' the day after the accident and wait twenty years to find out the defendant's real name and amend the complaint accordingly."). Taylor has not identified John Doe within 120 days of the filing of the complaint. Consequently,

---

**2.** Taylor alleges that he propounded discovery upon the defendants on 6 January 2000 and that defendants have failed to answer to the discovery naming "any of the Jailors of City of Winnfield." (Resp. to Reply of Defs. at 1.) In the reply to memorandum in objection to motion to dismiss, however, John Doe asserts that he received, on 10 January 2000, "Interrogatories requesting for the first time, the 'name' of any 'jailor' at the City of Winnfield." (Reply at 2 n. 1.) As Taylor filed the complaint on 9 September 1999 and he had until 10 January 2000 to name the unnamed defendants in light of the fact that 9 January 2000 was a Sunday, it appears that the interrogatories were received by the defendants right on the cutoff date under Rule 4(m). It should be emphasized that the 10 January 2000 deadline was the cutoff date for *naming* the John Doe

prison officials, not for requesting information as to their identity. Taylor's delayed action simply did not give the defendants sufficient time to respond to the interrogatories before expiration of the 120–day limitations period. It is unreasonable for Taylor to expect that the defendants can do research, answer the interrogatories, and secure them in Taylor's hands all on the same day that they received the interrogatories, just as it is unreasonable for Taylor to believe that he can send the interrogatories to the defendants, receive an answer from them, and then file an amended complaint with this court naming the unnamed defendants all on the same day. We note that Taylor has not provided this court with any reason why he could not propound discovery sooner, between 9 September 1999 and 6 January 2000.

Taylor's claims against the prison officials collectively referred to as John Doe are now time-barred.

## III. CONCLUSION

Plaintiff Taylor failed to identify defendant John Doe within 120 days of the filing of his complaint. As there was no error in identifying the correct defendant but rather an inability to identify those defendants referred to as John Doe, the relation back doctrine of Rule 15(c) is unavailable to plaintiff. Taylor no longer can amend his complaint to name the unnamed defendants, as the limitations period has expired. We, therefore, GRANT defendant John Doe's motion to dismiss for failure to state a claim against John Doe. Plaintiff Taylor's claims against John Doe are DISMISSED WITH PREJUDICE.