MITCHELL RICE, Special Adm'r for the Estate of Jocelyn Williams-Rice, Deceased, *et al.*, Plaintiffs-Appellees, v. FORD MOTOR COMPANY, Defendant-Appellant (Lynch Ford, Inc., *et al.*, Defendants).

First District (3rd Division)    No. 1—99—1281

Opinion filed September 20, 2000.

Donohue, Brown, Mathewson & Smyth, of Chicago (John A. Krivicich, Karen Kies DeGrand, and Mark M. Burden, of counsel), for appellant.

Lawrence D. Parrish & Associates, of Bellwood, for appellees.

JUSTICE BURKE delivered the opinion of the court:

Upon reconsideration of its order denying defendant Ford Motor Company's (defendant) motion to dismiss plaintiffs' complaint pursuant to Illinois Supreme Court Rule 103(b) (177 Ill. 2d R. 103), the circuit court granted defendant's request to certify a question for appeal to determine whether a court is required under Rule 103(b) to consider a plaintiff's actions from the date on which the plaintiff's complaint is filed to the date on which he obtains service of summons on the defendant for purposes of determining whether the plaintiff exercised reasonable diligence in obtaining service under the rule. For the reasons set forth below, we find that a court may consider the plaintiff's actions from the date of the filing of the complaint.

On May 20, 1996, plaintiffs filed a 12-count complaint against defendant, Lynch Ford, Inc. (Lynch Ford), and Jose Rodriguez (Rodriguez) for injuries the plaintiffs suffered in an automobile collision on September 24, 1995. Plaintiffs alleged that the accident occurred when

the Aerostar van in which they were driving rolled over after being struck by an automobile driven by Rodriguez. The complaint contained claims by each plaintiff, individually, against defendant and Lynch Ford for "strict liability in tort" based on allegations that the Aerostar van that was manufactured and distributed by defendant, and sold by Lynch Ford, was unreasonably dangerous because of various design defects and inadequate warnings regarding dangerous conditions in the van. The remaining counts were claims based on negligence against Rodriguez.

On April 29, 1997, the trial court entered an order dismissing all counts of the complaint against Rodriguez based on a settlement agreement with plaintiffs. On September 24, 1997, the statute of limitations expired for plaintiffs' causes of action based on the personal injuries they suffered during the automobile collision on September 24, 1995. 735 ILCS 5/13—202 (West 1996). On November 3, 1997, summons and the complaint were issued against defendant and Lynch Ford. On November 7, defendant was actually served with process.

On February 20, 1998, defendant filed a motion to dismiss the complaint pursuant to Illinois Supreme Court Rule 103(b), arguing that the complaint should be dismissed with prejudice because plaintiffs "did not exercise the requisite reasonable diligence in perfecting service upon [defendant], and service was not perfected until after the statute of limitations had expired." Plaintiffs, in response, argued that the trial court could only consider the length of time between the date of the actual service of process on defendant and the expiration of the statute of limitations.

On April 30, 1998, the trial court denied defendant's motion to dismiss, but Lynch Ford was dismissed with prejudice based on its motion pursuant to section 2—621 of the Illinois Code of Civil Procedure (735 ILCS 5/2—621 (West 1998)). Addressing defendant's motion, the trial court stated that "there could be some prejudice to the defendant because *** some of the defendants [Rodriguez] are already out." In denying the motion, the court, however, followed the reasoning in *Matthews v. Donnelly*, 265 Ill. App. 3d 1016, 1020-21, 639 N.E.2d 193 (1994), which held that the trial court erred in considering the plaintiff's diligence, or lack thereof, in serving the defendant with the summons and complaint prior to the running of the applicable statute of limitations when deciding whether to dismiss the complaint with prejudice.

Defendant filed a motion to reconsider the trial court's order of April 30, 1998. Defendant argued that the trial court should apply the amended version of Rule 103(b), which became effective June 1, 1997, to the present case and that, pursuant to the amended rule, the trial

court should have considered plaintiffs' failure to effect service of process from the time of filing the complaint to the date of actual service on defendant. Defendant further argued that plaintiffs had failed to satisfy their burden of showing that they, in fact, had exercised reasonable diligence in obtaining service on defendant. Plaintiffs argued that the amendment to Rule 103(b) merely eliminated the *res judicata* applications of the former rule, and continued to insist that the court could only consider the period between the date of actual service on defendant and the end of the statute of limitations, 44 days in the present case, to determine whether plaintiffs used reasonable diligence.

A hearing was held on defendant's motion for reconsideration on August 24, 1998, and the trial court denied the motion on December 1, 1998, again relying on the reasoning in *Matthews*. Defendant then filed a motion for an interlocutory order pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), arguing that the issue was one of first impression under the amended Rule 103(b) and that any existing authority that has addressed the issue indirectly had created a conflict in the interpretation of the rule among the courts. Defendant further argued that an immediate appeal would advance the ultimate termination of the litigation.

On April 6, 1999, the trial court granted defendant's motion, finding that the case involved a "question of law as to which there is a substantial ground for difference of opinion" and an "immediate appeal *** may materially advance the ultimate termination of this litigation." The trial court certified the following question:

> "[W]hether Rule 103(b), as amended May 20, 1997, and effective July 1, 1997, requires a court to consider a plaintiff's actions from the date on which he files the complaint to the date on which he obtains service on a defendant, for purposes of determining reasonable diligence."

Further proceedings were stayed in the trial court. This appeal followed. Although we initially denied defendant's interlocutory appeal, a mandate from the supreme court has directed us to consider defendant's appeal on the merits.

Defendant contends that the plain language of amended Rule 103(b) requires that the trial court analyze plaintiffs' diligence in obtaining service from the date that the complaint was filed to the date that service was actually obtained. Defendant argues that under the amended rule the "crucial inquiry" was changed by our supreme court, and the rule no longer requires a focus on plaintiffs' conduct after the expiration of the statute of limitations. Alternatively, defendant maintains that if the language of amended Rule 103(b) is ambigu-

ous or susceptible to more than one reasonable interpretation, the committee comments on the rule may be considered by this court in deciding the certified question. Defendant claims that the committee comments "set forth that the dispositive factor under Rule 103(b) is the time when the case is dismissed, not when the lack of reasonable diligence occurred." Defendant argues, therefore, that if the dismissal occurs after the expiration of the statute of limitations, as in this case, plaintiff does not have a right to refile the case under the amended rule.

Plaintiffs admit that Rule 103(b), as amended, is "arguably susceptible to more than one interpretation." Plaintiffs argue that the committee comments clearly state that the amendment to Rule 103(b) was intended to eliminate "the *res judicata* effect" of a dismissal under the rule and not "the statute of limitations effect." Plaintiffs further maintain that to allow the court to consider a plaintiff's actions in effecting service prior to the running of the statute of limitations, as argued by defendant, would encourage the filing of claims at the "tail end" of the statutory period, which is "contrary to the policy and intent of the rule." Plaintiffs contend that the 44-day delay in serving defendant with the summons following the expiration of the statute of limitations was "occasioned by Plaintiffs' counsel's inadvertence," did not prejudice defendant, and did not justify dismissal.

Prior to July 1, 1997, Rule 103(b) provided:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 134 Ill. 2d R. 103(b).

The amended Rule 103(b), effective July 1, 1997, provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run." 177 Ill. 2d R. 103(b).

We find *Paige-Myatt v. Mount Sinai Hospital Medical Center*, 313 Ill. App. 3d 482, 729 N.E.2d 908 (2000), controlling on the issue in the present case. In *Paige-Myatt*, the plaintiff filed a medical malpractice action against the defendant hospital and two doctors on September 23, 1997, nearly two years after she had undergone surgery at the hospital on September 25, 1995. The plaintiff filed an amended complaint nearly 11 months later on August 5, 1998, the trial court issued summonses for each defendant on that day, and the defendant

hospital was first served with the plaintiff's complaint on August 12, 1998. *Paige-Myatt*, 313 Ill. App. 3d at 484-85. The hospital filed a motion to dismiss the complaint under Rule 103(b), and the trial court granted the motion, noting that the plaintiff had not made any attempt to serve the hospital for 11 months after filing her complaint. The trial court also dismissed the complaint with prejudice because the hospital was not served within the two-year statute of limitations, which the trial court found began running on September 25, 1995, the date of the plaintiff's surgery. *Paige-Myatt*, 313 Ill. App. 3d at 485.

On appeal in *Paige-Myatt*, this court considered Rule 103(b), as amended, and the change from the former version of the rule, and stated:

"The 1997 amendment made a subtle change to the prior rule. Previously, the court would look to the date when the plaintiff failed to exercise reasonable diligence to determine whether the dismissal would operate with prejudice—that is, whether the plaintiff could refile her complaint. Now the court looks to the *date of the dismissal* to determine whether the plaintiff can refile." (Emphasis added.) *Paige-Myatt*, 313 Ill. App. 3d at 487.

Although the *Paige-Myatt* court found that the dismissal of the plaintiff's complaint under Rule 103(b) was proper based on the 11-month delay in service, the portion of the trial court's order dismissing the complaint with prejudice was reversed. This court found that, under the "discovery rule," the plaintiff's cause of action for medical malpractice accrued, at the earliest, on August 13, 1997, and that the limitations period did not run until August 13, 1999, well after the dismissal of the complaint on March 5, 1999. The *Paige-Myatt* court affirmed the trial court's dismissal of the plaintiff's complaint but "amend[ed] the *** order of dismissal to be without prejudice to the plaintiff's right to refile." *Paige-Myatt*, 313 Ill. App. 3d at 490.

We find the reasoning in *Paige-Myatt* dispositive on the certified question in the present case. As stated in *Paige-Myatt*, the 1997 amendment to Rule 103(b) changed the focus of the court's analysis under the rule. Rule 103(b), as amended, allows a court to dismiss a cause of action where the plaintiff has failed to exercise reasonable diligence to obtain service on the defendant, and the rule contains no restriction on the court's analysis based on when the plaintiff's "reasonable diligence," or lack thereof, occurred, *i.e.*, before or after the expiration of the statute of limitations. In either case, Rule 103(b) now provides that the dismissal shall be "without prejudice," but the plaintiff has the right to refile the action if the limitations period has not run at the time of the dismissal. This language clearly allows a court to consider the plaintiff's efforts to obtain service from the time

the complaint is filed and to dismiss the cause of action prior to the expiration of the statute of limitations. If the amended rule required that the court only look at the plaintiff's actions after the statute of limitations expired, there would be no use in the rule for the clause stating that the plaintiff has a "right to refile *if* the statute of limitation has not run." (Emphasis added.) 177 Ill. 2d R. 103(b).

Our holding here is consistent with our holding in *Paige-Myatt*, where we found that the trial court properly dismissed the complaint based on the plaintiff's failure to obtain service on the defendant for 11 months after the complaint was filed even though the statute of limitations did not expire for almost another year. *Paige-Myatt*, 313 Ill. App. 3d at 485, 489. This holding is also consistent with the committee comments to current Rule 103(b), which state:

> "Whether the dismissal will extinguish the plaintiff's claims against the dismissed defendant will depend on whether the dismissal occurs before or after the statute of limitation has run. If before, the plaintiff will be able to refile; if after, the plaintiff will be unable to refile because the claims will be time-barred." 177 Ill. 2d R. 103(b), Committee Comments at xxvii.

Plaintiffs' reliance on *Matthews* is misplaced because the decision in that case discussed Rule 103(b) prior to its amendment in 1997. Additionally, the remaining cases that address Rule 103(b) cited by both parties are inapplicable as those cases similarly discuss the former version of the rule.

For the reasons stated, we find that Rule 103(b), as amended and effective on July 1, 1997, permits a court to consider a plaintiff's actions from the date on which the complaint was filed to the date on which the plaintiff obtains service on the defendant for purposes of determining whether reasonable diligence has been exercised under the rule, and we remand this case to the circuit court to apply this rule to the facts before it.

Remanded with directions.

HALL, P.J., and WOLFSON, J., concur.